# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00697-SCT

*EDWARD JOSEPH REESE, JR. AND FARRELL THOMPSON*

*v.*

*JOHN SUMMERS d/b/a/ JOHN SUMMERS TRUCKING AND BRIAN MALLORY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/24/2000 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WAYNE E. FERRELL, JR. |
| | ANDRE FRANCIS DUCOTE |
| ATTORNEY FOR APPELLEE: | JOE CRAWFORD GEWIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 08/30/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/20/2001 |

**BEFORE BANKS, P.J., WALLER AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. On January 3, 1995, a pickup truck occupied by driver Farrell Thompson and passenger Edward Reese was struck from behind by a Mack truck driven by Brian Mallory, at the intersection of Jamestown Road and Highway 63 in Moss Point, Mississippi. Thompson and Reese later filed suit in Jackson County Circuit Court against Mallory's employer, John Summers, in his individual capacity and doing business as John Summers Trucking, and against Mallory. The suit alleged that Mallory, while in the scope of his employment, negligently caused the accident.[1] At the conclusion of a four-day trial, the jury found for Thompson in the amount of $29,800 and for Reese in the amount of $47,200. However, the jury also found that Thompson contributed to the accident and was 30% negligent. The circuit court subsequently reduced the amount of damages by that percentage. Following the denial of their post-trial motions, Thompson and Reese now appeal, raising the following issues which we have edited slightly:

> **I. WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED JURY INSTRUCTION NUMBER 10, WHICH IS BASED UPON FACTS NOT IN EVIDENCE?**
>
> **II. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT PLAINTIFFS' MOTION FOR PEREMPTORY INSTRUCTION, JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL AS TO APPORTIONMENT OF FAULT DUE TO THE VERDICT BEING CONTRARY TO THE WEIGHT OF THE EVIDENCE?**
>
> **III. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT PLAINTIFFS' MOTION FOR ADDITUR OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON THE ISSUE OF DAMAGES DUE TO THE VERDICT BEING**

**CONTRARY TO THE WEIGHT OF THE EVIDENCE?**

Finding no error in the trial court's judgment, we affirm.

## FACTS

¶2. While there is no dispute that the Mack truck driven by Mallory struck Thompson's pickup from behind, the parties are sharply divided on exactly how the accident occurred. According to Thompson and Reese, at the time of the accident they were driving down Highway 63 in Moss Point looking for an auto parts store. As they approached the intersection of Highway 63 and Jamestown Road, the traffic light turned red, and Thompson, the driver, applied his brakes to slow down. Before Thompson came to a complete stop, however, the light changed to green, and he began accelerating again. As Thompson's pickup entered the intersection, it was struck from behind by Mallory.

¶3. Mallory and Summers dispute that theory of how the accident occurred. According to Mallory's testimony and that of his companion Sean Page, Thompson's brake lights were still on at the time of the accident even though the light was green, thereby indicating that Thompson was not accelerating but coming to a stop. Mallory and Summers theorize that Thompson was actually on his way back to the hotel where he and Reese were staying which was located on the west side of Highway 63 at the intersection where the accident occurred. However, Thompson failed to get into the left hand turn lane and instead stopped in the middle of the intersection where the accident occurred.

## ANALYSIS

### I. WHETHER THE TRIAL COURT ERRED WHEN IT GRANTED JURY INSTRUCTION NUMBER 10, WHICH IS BASED UPON FACTS NOT IN EVIDENCE?

¶4. In reviewing the granting or refusal of jury instructions, this Court has said that if the instructions actually given fairly announce the law of the case and create no injustice when read as a whole, no reversible error will be found. *Fielder v. Magnolia Beverage Co.*, 757 So.2d 925, 929 (Miss. 1999)(collecting authorities); *see also* **Rester v. Lott**, 566 So.2d 1266, 1269 (Miss. 1990)(The "overarching concern is that the jury was fairly instructed and that each party's proof-grounded theory of the case was placed before it"). Both parties have the right to embody their theories of the case in the jury instructions provided there is testimony to support it, but only "if made conditional upon the jury's finding that such facts existed." *Murphy v. Burney*, 27 So.2d 773, 774 (Miss. 1946)

.¶5. Thompson and Reese object to the inclusion of Jury Instruction 10, which reads in its entirety as follows:

> The Court instructs the Jury that under the law of the State of Mississippi no person shall stop a vehicle when that person is within an intersection except when necessary to avoid conflict with other traffic or in compliance with the direction of a traffic control devise.[2]

> Therefore, if you find from a preponderance of the evidence, if any, that Farrell Thompson stopped his vehicle in the intersection of Jamestown Road and Highway 63 while the traffic light controlling Farrell Thompson at this intersection was green, and such action was unnecessary to avoid conflict with other traffic, then such action by Farrell Thompson constitutes negligence.

If you find that such negligence, if any, was the sole proximate cause[(3)] of the accident in question, then you shall return a verdict for the Defendants, John Summers, d/b/a John Summers Trucking, and Brian Mallory.

If you find this negligence proximately contributed to the damages suffered by the Plaintiffs, if any, then in that event you must reduce any award you might otherwise render for Farrell Thompson and/or Edward Joseph Reese, Jr., by the proportion of the causal negligence, if any you attribute to Farrell Thompson under the circumstances.

The instructions also included Special Interrogatory No. 1, which reads in relevant part as follows:

(2) Do you find by a preponderance of the evidence, if any, that the Plaintiff Farrell Thompson was negligent in any manner which contributed to the accident and damages?

. . . .

(3) If your answer to question (2) above was "Yes", what percentages of negligence did you find attributable to Brian Mallory and Farrell Thompson? Note: Your answer should be a proportionate [sic] of 100%.

¶6. Thompson and Reese concede that Jury Instruction 10 does fairly state the law, but they contend that it was unsupported by any evidence showing that their vehicle was stopped *in* the intersection instead of simply at the intersection. Therefore, they reason, the instruction was erroneously given and constitutes reversible error.

¶7. This Court disagrees. The testimony offered by Mallory and Page clearly supports the defense theory that Thompson's pickup was within the intersection when the accident occurred, or at least creates a fact question as to that issue. In any case, the interrogatory quoted above (to which Thompson and Reese did not object at trial) permitted the jury to find that Thompson was contributorily negligent even without finding that his pickup was stopped within the intersection. The instructions as a whole therefore properly announce the law in Mississippi with regard to motor vehicles and traffic as well as to contributory negligence, and the granting of Instruction 10 was not error, even if Thompson's vehicle was not within the intersection when it was struck.

### II. WHETHER THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT PLAINTIFFS' MOTION FOR PEREMPTORY INSTRUCTION, JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL AS TO APPORTIONMENT OF FAULT DUE TO THE VERDICT BEING CONTRARY TO THE WEIGHT OF THE EVIDENCE?

¶8. This Court's standard of review for the denial of judgments notwithstanding the verdict, peremptory instructions, and directed verdicts is as follows:

[T]his Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that

reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.

*Steele v. Inn of Vicksburg, Inc.*, 697 So.2d 373, 376 (Miss. 1997).

¶9. Thompson and Reese argue that a peremptory instruction was appropriate in this case because Mallory was negligent as a matter of law. As they correctly point out, when two vehicles are traveling in the same direction, the duty of avoiding collision generally rests with the driver of the following vehicle, and that driver is per se negligent if he runs into the leading vehicle absent any emergency or unusual conditions. *See Thomas v. McDonald*, 667 So.2d 595, 596 (Miss. 1995)(holding that whether particular circumstances rise to level of emergency or unusual is jury question).

¶10. Thompson and Reese then assert that no unusual or emergency conditions existed at the time of the accident. Needless to say, this assertion blithely ignores the testimony of Mallory and his companion Sean Page that Thompson had unexpectedly stopped in front of them. In fact, the disputed questions of whether Thompson had stopped unexpectedly or unnecessarily and whether such conduct might have constituted negligence were virtually the only disputed issues at trial other than damages. In this Court's opinion, both of those questions were properly considered and resolved by the jury, and the evidence offered by Thompson and Reese that Thompson had not stopped unexpectedly was not "so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict." *Steele*, 697 So.2d at 376. This issue is also without merit.

### III. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT PLAINTIFFS' MOTION FOR ADDITUR OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON THE ISSUE OF DAMAGES DUE TO THE VERDICT BEING CONTRARY TO THE WEIGHT OF THE EVIDENCE?

¶11. This Court reviews the denial of a motion for additur or a new trial for abuse of discretion, and has stated:

It is primarily the province of the jury to determine the amount of damages to be awarded and the award will normally not "be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." The party seeking the additur must prove his injuries, damages, and loss of income. In deciding if the burden has been met, we must look at the evidence in the light most favorable to the party in whose favor the jury decided, granting that party any favorable inferences that may reasonably be drawn therefrom.

*Harvey v. Wall*, 649 So.2d 184, 187 (Miss.1995) (citations omitted). This Court has granted an additur of $10,000 or, in the alternative, a new trial where the jury had ignored the medical bills offered into evidence and made no allowance for pain and suffering in calculating the plaintiff's damages. *Maddox v. Muirhead,* 738 So.2d 742, 745 (Miss. 1999)(holding, however, that "the jury was free to accept or reject Maddox's uncorroborated and undocumented testimony concerning lost wages and overtime").

¶12. In the case sub judice, the damages sought by Thompson and Reese included lost wages, past and future medical bills and past and future pain and suffering. In support of these claims, they offered evidence in the form of medical bills, testimony from their employer indicating how much they would have been paid if

they had not missed several months of work while recuperating, and testimony from Dr. Narinder Gupta indicating that both men suffered from a number of chronic bone and muscle injuries which Dr. Gupta attributed to the collision.

¶13. Ultimately, the jury awarded Thompson $29,800.00 in damages, which included $3,383.33 in medical bills, $13,144.00 in lost wages, and $13,272.67 in pain and suffering.[4] The jury awarded Reese $47,200.00, which included $7,139.23 in medical bills, with the rest apparently meant to cover both lost wages and pain and suffering. However, Summers and Mallory sharply disagreed with Reese's assertion at trial that he was entitled to $51,350.40 in lost wages, a figure apparently based on the assumption that, had he not been injured, he would have worked seven days a week, twelve hours a day for the nine-month period following the accident. Summers and Mallory also offered evidence in the form of tax returns that Reese made $33,272 in 1994 and $17,000 for the part of 1995 in which he was able to work. As such, they reason, Reese's jury award was meant to include his medical expenses, his lost wages, and pain and suffering.

¶14. Viewing these factors in favor of Mallory and Summers and granting them all favorable inferences, this Court concludes that the award of damages was not "so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Harvey v. Wall*, 649 So.2d at 187. Admittedly, the damages were well in excess of the medical bills offered into evidence, as well as lost wages and pain and suffering (although obviously assessed more conservatively than Thompson and Reese would have liked). As such, the circuit court did not abuse its discretion in denying the motion for additur or a new trial. This assignment of error is without merit.

## CONCLUSION

¶15. Based on the foregoing, this Court concludes that the circuit court did not err or abuse its discretion in denying Jury Instruction 10, nor in denying all motions for peremptory instructions, judgment notwithstanding the verdict, additur or new trial. The Court, therefore, affirms the judgment of the Jackson County Circuit Court.

¶16. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.; DIAZ, J., JOINS IN PART.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶17. The plaintiffs should have been granted a peremptory instruction, as the defendants were liable as a matter of law; the only jury issues were the comparative fault of Thompson and the calculation of damages. In addition, the circuit court erred when it held the passenger liable for the driver's negligence. In this case, the jury awarded $29,800 to the driver, Thompson, and $47,200 to the passenger, Reese. Both amounts were then reduced by 30 percent, the proportion of fault that was found to be attributable to Thompson. This, in spite of the fact that the defendants have offered no evidence of negligence by Reese, nor could they. He was a passenger and not at fault. Accordingly, I dissent.

¶18. Jury instruction 10 required the jury to return a verdict for the defendants if it found that Thompson's negligence was the sole proximate cause of the accident. The circuit court erred in granting this instruction

because, as a matter of law, any negligence on the part of Thompson *could not* have been the sole proximate cause of the accident. The defendants are negligent as a matter of law, independently of any negligence on the part of Thompson. The plaintiffs should therefore have been granted a peremptory instruction as to the liability of the defendants.

¶19. In *White v. Miller*, 513 So.2d 600 (Miss. 1987), we outlined the four duties of drivers such as the defendants.

> By statute and our decisions, the driver of a vehicle following along behind another, and not attempting to pass, has a duty encompassing four interrelated functions: he must have his vehicle under proper control, keep a proper look-out ahead, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle.

*Id.* at 601 (citations omitted).

¶20. In *White*, the plaintiff stopped to allow a vehicle ahead to turn off the street. The defendant testified that she saw the brake lights on the plaintiff's car, and that it suddenly stopped. She attempted to brake, but could not stop in time to avoid colliding with the plaintiff. The plaintiff testified that she was stopped in the street for "a half a minute or more" when her vehicle was struck from behind by the defendant. *Id.* The circuit court refused to grant a peremptory instruction as to the defendant's liability. We reversed, holding that plaintiff White was entitled to a peremptory instruction on the issue of liability. In doing so, we declined to adopt a per se rule of negligence in rear-end collisions, noting that drivers should not be automatically liable because of "a car that suddenly darts into a driver's path ten feet in front of him." *Id.* at 602. However, we did note that "[w]e have come very close to a per se rule in rear-end collision cases factually analogous to this one." *Id.*

¶21. Our holding in *White* was consistent with prior case law. In *Dean v. Dendy*, 253 So.2d 813 (Miss. 1971), we held that the defendant was entitled to a jury instruction on comparative negligence while upholding a peremptory instruction as to the defendant's liability. In that case, the defendant rear-ended a plaintiff who stopped "very suddenly" at a cross-walk in front of a school.

> We think it is clear that Mrs. Dean was guilty of some negligence; such as, not stopping, not keeping a lookout, traveling too fast, not having the car under control, which negligence, at least, contributed to the accident and to Mrs. Dendy's injuries; and we cannot say that the court was in error in giving the peremptory instruction.

*Id.* at 815.

¶22. Likewise, in the case at bar, Mallory and his witness testified that Thompson's brake lights were on at the time of the accident. The accident occurred in broad daylight, and there were no adverse weather conditions at the time. Like the defendants in *White* and *Dean,* Mallory is guilty of negligence as a matter of law for failing to maintain control of his vehicle, keeping a proper look-out, and driving at a speed and sufficient distance behind Reese so that he could stop his vehicle should the forward vehicle stop suddenly.

¶23. When liability is established as a matter of law, peremptory instructions should be granted. "If the facts and inferences so considered point so overwhelmingly in favor of White that reasonable men could not have arrived at a contrary verdict, granting the peremptory instruction is **required**."*White*, 513 So.2d at 602

(emphasis added).[5] Rule 50, M.R.C.P., mandates that a directed verdict (or peremptory instruction) be granted when any other verdict would be erroneous as a matter of law. The Comment to Rule 50 explains that it is a "device for the court to enforce the rules of law by taking away from the jury cases in which the facts are sufficiently clear that the law requires a particular result." The facts before us require a finding that the defendants were negligent as a matter of law, and a peremptory instruction should have been given to this effect.

¶24. Jury Instruction 10 also required the jury to reduce any award for Reese by the percentage of negligence that was attributed to Thompson. The jury found the driver, Thompson, to be 30 percent at fault for the accident, but failed to attribute any fault whatsoever to the passenger, Reese. In their brief to this Court the defendants have not alleged that Reese was in any way negligent, nor is there any evidence of negligence on his part. He cannot be because he was a passenger. The circuit court therefore erred when it penalized Reese for Thompson's negligence by reducing Reese's recovery by 30 percent when he was not at fault in any way. Reese should be compensated for the full measure of his damages.

¶25. Because the defendants' liability was established as a matter of law, the circuit court erred in failing to grant a peremptory instruction as to their liability. The circuit court also erred in reducing Reese's recovery because of Thompson's negligence. I would reverse and remand for a new trial or at the very least award Reese the full measure of his damages, $47,200. Accordingly, I dissent.

### EASLEY, J., JOINS THIS OPINION. DIAZ, J., JOINS THIS OPINION IN PART.

1. Originally, Reese and Thompson filed separate complaints against Summers and Mallory. Their complaints were consolidated by Agreed Order filed on July 17, 1996.

2. This instruction is based on Miss. Code Ann. § 63-3-901(1996), which states in relevant part:

> (1) No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic control device, in any of the following places:
>
> . . . .
>
> c. Within an intersection;
>
> ....

3. The dissent argues that the instruction is erroneous because Mallory was negligent as a matter of law and therefore any negligence on the part of Reese could not have been the "sole proximate cause" of the accident. While technically accurate, this point is moot, since the jury plainly did not find Reese's negligence to be the sole cause or even primary cause of the accident.

4. The Appellants' Brief claims that the total for pain and suffering is $15,272.67, which is apparently a math error.

5. Peremptory instructions have the same effect as a directed verdict, although "[u]nder our Rule 50(a) MRCP, the technically correct procedure would have been for the plaintiff to move for a directed verdict at the conclusion of the presentation of all the evidence." *White*, 513 So.2d at 602 n.2.