GREENLEE, J., DISSENTING:
 

 ¶ 25. The majority reasons that the Clarks presented sufficient evidence showing that genuine issues of material facts exist regarding: (1) whether fog constituted an unusually dangerous condition; and (2) whether McCorkle was negligent in the illumination of his farm trailer at the time of the collision. I respectfully disagree and therefore dissent.
 

 DISCUSSION
 

 I. Whether the Clarks produced sufficient evidence of an unusual or emergency condition
 
 .
 

 ¶ 26. As the plaintiffs in a negligence claim, the Clarks bore the burden to prove all of the required elements-duty, breach, causation, and damage.
 
 Sanderson Farms Inc. v. McCullough
 
 ,
 
 212 So.3d 69
 
 , 76 (¶ 17) (Miss. 2017). In granting McCorkle's motion for summary judgment, the circuit court held the Clarks failed to sufficiently show the existence of an emergency or unusual condition and therefore could not show McCorkle was negligent in pulling his trailer.
 

 ¶ 27. As the circuit court noted, absent an emergency or unusual condition, a following vehicle has a duty to avoid colliding with a moving vehicle in front of him.
 
 Reese v. Summers
 
 ,
 
 792 So.2d 992
 
 , 996 (¶ 9) (Miss. 2001). There is an exception, however, to this general duty when sufficient evidence of an emergency or unusual condition is presented. The presence of such evidence "presents a jury question as to whether the circumstances rise to the level of emergency or abnormal condition."
 
 Jamison v. Barnes
 
 ,
 
 8 So.3d 238
 
 , 243 (¶ 10) (Miss. Ct. App. 2008). Thus, absent an emergency or unusual condition, it was Ned who had the primary duty to avoid hitting McCorkle's trailer.
 

 ¶ 28. The majority finds that the Clarks produced sufficient evidence showing that genuine issues of material fact existed regarding (1) whether fog constituted an unusually dangerous condition; and (2) whether McCorkle was negligent in the illumination of his farm trailer at the time of the collision.
 

 ¶ 29. The Clarks argue the factual situation before the Court illustrates an emergency or unusual condition-the collision was unavoidable because Ned suddenly came upon a slow-moving tractor with inadequate visibility under foggy conditions. They argue that their sworn complaint and the testimony of their expert produced sufficient evidence, creating a genuine issue of material fact as to (1) the existence of fog and (2) the reflectiveness of McCorkle's slow-moving-vehicle sign or safety emblem.
 

 ¶ 30. McCorkle argues that: (1) the Clarks' verified or "sworn to" complaint was insufficient to establish a genuine issue of fact regarding the weather conditions on the morning of the accident because Ned admitted that there was no fog where the accident occurred, and (2) the undisputed evidence shows McCorkle was operating his trailer in a reasonable manner-by having a "slow-moving-vehicle sign" on the left-back corner of his trailer.
 

 A. Existence of Fog
 

 ¶ 31. The majority finds that the Clarks produced sufficient evidence to create a genuine issue of material fact regarding whether the fog constituted an unusually dangerous condition. The majority lends credence to the opinion of the Clarks' expert, Jason Walton. However, the circuit court assessed Walton's opinion correctly and, further, was correct in its determination of whether or not fog contributed to the accident.
 

 ¶ 32. The circuit court reviewed the issue of fog twice, first on McCorkle's motion for summary judgment and then on the Clarks' motion for rehearing. Upon its first review, the circuit court found the Clarks' proffer-in opposition to the motion for summary judgment-was insufficient to establish a genuine issue of material fact concerning the existence of foggy conditions.
 

 ¶ 33. The evidence proffered by the Clarks to support the assertion of foggy conditions at the time of the accident relied
 only on their verified complaint and testimony of their expert. The majority references the verified complaint as "Ned's sworn affidavit filed with his complaint." However, only a "Verification" was attached to the complaint. This verification attested that the facts in the foregoing complaint were "true and correct." It, therefore, was a verified or "sworn to" complaint. The complaint merely stated that "[a]t the time of the collision visibility in the area was very poor due to low light conditions at the dawn of day and heavy fog in the area." However, the complaint did not "set forth specific facts showing that there [was] a genuine issue for trial." M.R.C.P. 56(e). Further, as McCorkle correctly points out, parties opposing summary judgment are "required to do more than rest on the mere allegations of their pleadings, sworn or unsworn."
 
 Stuckey v. Provident Bank
 
 ,
 
 912 So.2d 859
 
 , 868 (¶ 19) (Miss. 2005). Next, the circuit court examined the underlying bases for Walton's testimony and found that the Clarks' expert had relied solely on the allegations in the Clarks' verified complaint that it was foggy at the time of the accident. Therefore, in granting summary judgment, the circuit court found that the Clarks' verified complaint and expert testimony were insufficient to establish a genuine issue of material fact.
 

 ¶ 34. Upon the Clarks' motion for rehearing, the circuit court reexamined its decision in light of whether they presented sufficient evidence showing "a need to correct a clear error of law or to prevent manifest injustice."
 
 Bang v. Pittman,
 

 749 So.2d 47
 
 , 52-53 (¶ 29) (Miss. 1999) (overruled on other grounds). Denying their motion for rehearing, the circuit court found the Clarks relied on the allegations of fog within their verified complaint and the opinion of their expert.
 

 ¶ 35. In determining whether fog was at issue, the court reviewed the deposition of Ned Clark, which was proffered by McCorkle in support of the motion for summary judgment. Ned testified that there was a "[k]noll" or "[j]ust a little hill" with "[j]ust a little incline, just little incline," and that he "seen the tractor" as soon as he came over the little hill. Moreover, later in his deposition testimony, Ned stated fog was "[n]ot on the knoll."
 
 [5]
 
 Thus, by his own admission, other than the "small, small hill," there were no other obstructions to Ned's vision on the morning of the accident.
 

 ¶ 36. Further, the court examined the testimony of Walton, the Clarks' expert. Not only did Walton's testimony reveal that he had not looked at any specific documents in preparing his report, but also he admitted that he had not "reviewed any deposition transcripts" and that "[he] just had [the Clarks'] original complaint." Thus, the court found that Walton's opinion that fog existed at the site was directly contrary to Ned's own testimony.
 
 [6]
 
 Therefore, the circuit court reasoned, the expert's opinion was purely speculative, and thus insufficient to defeat summary judgment. Based upon what the Clarks proffered
 before the circuit court, the depositions of Ned and Walton, and the court's review of the other evidence before it, the circuit court's determination that no genuine issue of material fact existed was correct.
 

 B. Reflectiveness of Slow-Moving-Vehicle Sign
 

 ¶37. The majority finds that the Clarks produced sufficient evidence to create a genuine issue of material fact regarding whether McCorkle was negligent in the illumination of his trailer at the time of the collision. Again, the majority uses Walton's expert opinion. However, the circuit court correctly assessed Walton's opinion and, further, was correct in its determining whether or not there was a question of law or material fact on the issue of negligence in the operation of McCorkle's tractor and trailer.
 

 ¶ 38. The Clarks asserted that McCorkle's tractor and trailer were not properly illuminated under the circumstances.
 
 [7]
 
 In support, the Clarks cited several statutes that the circuit court found inapplicable because they all either applied solely to automobiles; provided exemptions for farm equipment, i.e. tractors and trailers; or dealt with required vehicle signs. Notwithstanding the inapplicability of these statutes, the circuit court reasoned, McCorkle did not breach his general duty of a reasonable person because the Clarks did not produce evidence of the reflective triangle's condition at the time of the accident.
 

 ¶ 39. The majority relies on
 
 Jamison v. Barnes,
 

 8 So.3d 238
 
 (Miss. Ct. App. 2008), and the doctrine of comparative negligence to suggest that whether McCorkle's operation of his tractor was reasonable under the circumstances is a question best left to the jury. Generally, the following car owes a duty to avoid running into the rear of the vehicle in front of it. While the occurrence of a rear-end collision does not make the following driver negligent per se, the doctrine of comparative negligence requires that the other party be negligent as well. Here, McCorkle was not negligent in the operation of his tractor because he is exempt from the equipment requirements of title 63 of the Mississippi Code Annotated, and it is undisputed that the accident occurred after sunrise.
 
 See
 

 Miss. Code Ann. § 63-7-9
 
 (Rev. 2013). Therefore, absent the presence of fog, there are no genuine issues of material fact left for a jury to decide.
 

 ¶ 40. Regarding McCorkle's statutory duty, the circuit court properly found that none of the cited statutes applied to McCorkle. The Clarks alleged that McCorkle violated two statutes, Mississippi Code Annotated sections 63-3-709 (Rev. 2013) and 63-13-3 (Rev. 2013) (repealed 2015). As the circuit court found, section 63-3-709, which deals with signaling, is inapplicable because the record does not containing any allegations of McCorkle performing a maneuver requiring a signal. As for section 63-13-3, the circuit court properly found it inapplicable because it explicitly provides an exception to its requirements for "farm trailers engaged in farm operations, or to any farm tractor, combine, cotton picker, semitrailer, pole trailer, or other agricultural or farming equipment or machinery, or any combination thereof, used primarily for agricultural purposes."
 
 Miss. Code Ann. § 63-13-3
 
 .
 

 ¶ 41. With those statutes being inapplicable, McCorkle still owed a general duty of reasonable care under the circumstances. The Clarks asserted McCorkle violated this duty because his tractor and
 trailer were not properly visible under the circumstances. The circuit court found that the Clarks did not present sufficient evidence of the triangle's condition at the time of the accident, and therefore no genuine issue of material fact existed. I agree.
 

 ¶ 42. The only evidence the Clarks provided regarding the condition of the triangle was the testimony of their expert, Walton. Walton, however, stated that his first observation of the reflective triangle was over two years after the accident, and he acknowledged that a triangle's reflective quality can deteriorate over that period. While McCorkle did personally speak with Walton and tell him that he took the reflective triangle off the tractor and put it on a gate because of old age, this does not show a genuine issue of material fact. Walton did not observe the triangle at the time of the accident and admitted that he had "no way of knowing exactly how reflective it was on the day of the accident." The fact that McCorkle removed the triangle after the accident does not produce sufficient evidence of the condition of the triangle at the time of the accident. Further, "right after the accident" does not provide a definite time period as to when it was moved. Walton did not view the triangle until nearly two years after the accident, and therefore he has no knowledge of the triangle at the time of the accident nor the condition of the sign when it was removed and placed on the gate.
 

 ¶ 43. Therefore, his expert opinion and report could not sufficiently raise an issue of material fact as to the condition of the reflective quality of the triangle on the day of the accident or if its condition contributed to the accident where Ned rear-ended McCorkle during daylight hours.
 

 II. Whether Walton's "expert" testimony should have been admitted.
 

 ¶ 44. Though not addressed by the majority, the Clarks on appeal assert that the circuit court erred in not considering the expert testimony of Walton without conducting a
 
 Daubert
 

 [8]
 
 hearing or giving the Clarks the opportunity to be heard. As noted by the Clarks in their brief, a circuit court is not required to hold a
 
 Daubert
 
 hearing, but is only required to allow the parties to have an opportunity to be heard.
 
 Edmonds v. State
 
 ,
 
 955 So.2d 787
 
 , 792 (¶ 10) (Miss. 2007). A circuit court is given great latitude is deciding how to test an expert's reliability.
 

 Id.
 

 It is in the trial court's purview "to decide whether or when special briefing or other proceedings are needed to investigate reliability."
 

 Id.
 

 (citing
 
 Kumho Tire Co. v. Carmichael
 
 ,
 
 526 U.S. 137
 
 , 152,
 
 119 S.Ct. 1167
 
 ,
 
 143 L.Ed.2d 238
 
 (1999) ). This Court will not upset a circuit court's exclusion of expert testimony unless it is clearly arbitrary or erroneous.
 
 Patterson v. Tibbs,
 

 60 So.3d 742
 
 , 748 (¶ 19) (Miss. 2011). In the case at hand, the circuit court did not abuse its discretion in not considering Walton's testimony.
 

 ¶45. The Clarks assert that in the face of challenged expert testimony, they must be given a fair opportunity to be heard. However, this is not applicable to the posture of this case. The circuit court, in granting summary judgment, did not actually strike Walton's expert testimony. The circuit court found that it was based on speculation and was insufficient to defeat summary judgment.
 
 See
 

 Rogers v. Barlow Eddy Jenkins P.A.
 
 ,
 
 22 So.3d 1219
 
 , 1225 (¶ 21) (Miss. Ct. App. 2009) ("Summary judgment may not be defeated through expert opinions that are not based on facts
 but instead are based on a guess, speculation, or conjecture.").
 

 ¶ 46. While the circuit judge noted Mississippi Rule of Evidence 702's requirement for reliability, the judge found that regardless of whether the testimony was admissible, it did not establish a genuine issue of material fact because it was not supported by the evidence in the case. The circuit judge found that Walton offered no proof of the weather conditions that day other than those recited in the Clarks' sworn, verified complaint. The court noted that Walton qualified the critical part of his analysis by stating "
 
 if
 
 foggy conditions were present coupled with the low-light conditions on the road way"
 
 [9]
 
 (emphasis added), and that Walton admitted that he did not know of the triangle's condition at the time of the accident. The circuit judge reasoned that Walton's testimony was based on conjecture and speculation, and therefore was not expert testimony or an opinion that could assist the fact-finder. As the testimony was not based on the evidence, but rather on speculation and conjecture, Walton's testimony could not be used to defeat summary judgment.
 

 III. Whether the trial court, in granting summary judgment, denied the Clarks their constitutional right to a jury trial.
 

 ¶47. Although not reached by the majority, the Clarks also assert the trial judge's grant of summary judgment denied their constitutional right to a jury trial. While the Clarks correctly assert Article 3 of the Mississippi Constitution of 1890 guarantees the right to a trial by jury, "[t]rial by jury is about disputes of fact."
 
 Towner v. Moore ex rel. Quitman Cty. Sch. Dist.
 
 ,
 
 604 So.2d 1093
 
 , 1098 (Miss. 1992). Absent such disputed facts, a properly granted motion for summary judgement precludes the right to a jury trial.
 
 See
 

 Brown v. Credit Ctr. Inc.
 
 ,
 
 444 So.2d 358
 
 , 362 (Miss. 1983) ("There is no violation of the right of trial by jury when judgment is entered summarily in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."). As discussed above, there was not sufficient evidence to establish genuine issues of material fact, and therefore the circuit court did not violate the Clarks' constitutional right to a jury trial.
 

 CONCLUSION
 

 ¶ 48. The Clarks failed to produce sufficient evidence to create genuine issues of material fact regarding both the presence of fog and McCorkle's negligent operation of his tractor and trailer. Further, the Clarks failed to produce evidence showing McCorkle breached a duty of care, which proximately caused Ned's injury. The circuit court was correct in granting McCorkle's motion for summary judgment. Therefore, I respectfully dissent.
 

 BARNES AND WILSON, JJ., JOIN THIS OPINION.
 

 Previously in his testimony Ned stated that the weather condition was "[a] little foggy early that morning" but "[j]ust in patches. At low-low-lying areas." The majority presupposes that fog existed at the time of the accident. However, Ned testified that "as soon as [he] came over the little hill" he had "[s]een the tractor" and was "[r]ight on it. It was visible when I topped the hill." Therefore, his earlier testimony regarding fog is immaterial because the accident did not occur at a low-lying area but rather at the crest of the hill or small knoll, which he admits had no fog on it.
 

 Ned's deposition had been filed in support of McCorkle's motion for summary judgment. The Clarks did not use Ned's deposition to defend against the motion for summary judgment.
 

 In their complaint, the Clarks asserted that McCorkle "fail[ed] to properly outfit his vehicle and trailer ... for low light, poor weather and visibility conditions."
 

 Daubert v. Merrell Dow. Pharm. Inc.
 
 ,
 
 509 U.S. 579
 
 ,
 
 113 S.Ct. 2786
 
 ,
 
 125 L.Ed.2d 469
 
 (1993).
 

 The majority utilizes Walton's statement that with "low visibility and fog present," Ned "did not possesses the time, nor distance needed to perceive and react to the hazard of the tractor" to infer the creation of a genuine issue of material fact. However, Ned testified that there was no fog on the hill. Moreover, the expert's testimony regarding the conditions at the time of the accident was based only on the verified complaint, which notes such conditions as contrary to the police report that describes them as daylight, dry, and clear. The expert's testimony not being based on evidence, therefore, cannot create a genuine issue of material fact.