Solomon *et al. v.* Continental Baking Co.

(Division A.   April 1, 1935.   Suggestion of Error Overruled, April 29, 1935.)

[160 So. 732.   No. 31617.]

Edward **W. Smith** and **Pat D. Holcomb**, both of Clarksdale, for appellants.

**Brewer & Montgomery** and **Chas. A. Sisson,** all of Clarksdale, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellants sued the appellee for damages alleged to have been sustained by them because of the negligence of the appellee's servant. The court below directed a verdict for the appellee.

The declaration alleges that an automobile owned by some of the appellants, while being driven by one of them at night, ran into the rear of an automobile truck owned by the appellee, which was without a rear red light and was parked in the road, on the side thereof on which the appellants' automobile was being properly driven.

In support of its directed verdict, the appellee says (1) that the evidence disclosed no negligence on the part of the driver of its truck, but, if mistaken in this, (2) that the negligence of its driver was not the proximate cause of the collision, but that, on the contrary, its sole, proximate cause was the negligence of the driver of the appellants' automobile.

The negligence charged against the appellants' driver is that he violated several of the "laws of the road," without which the appellee says the collision would not have occurred.

It may be, as to which we express no opinion, that the appellants' evidence failed to disclose that the truck was parked in the road at the time of the collision, but it is clear that whether this truck was being driven without a rear red light, as required by section 5575, Code of 1930, was for the determination of the jury. According to the evidence for the appellee, the truck was equipped with such a light, but according to that of the appellants' driver, it was not so equipped, and had it been, he would have seen the light and avoided the collision. If the truck was being driven without such a light, the jury would be warranted in finding that the negligence in so doing was a legal and proximate cause of the collision, unless the appellee is correct in saying that the appellants' driver was guilty of such negligence as superseded the negligence of the appellee's driver, and became the sole legal and proximate cause of the collision. We will assume, but merely for the purpose of the argument, that the appellants' driver approached the truck without observing pertinent "laws of the road" in so doing. Nevertheless, such negligence did not supersede the prior negligence of the appellee's driver. First, it does not appear from the evidence that this negligence of the appellants' driver, assuming that such there was, was of such character that the collision would have resulted

therefrom even if the truck had been equipped with a rear red light. Second, where an act of negligence is a substantial factor in bringing about an injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act. 2 Restatement, Torts, secs. 440-442, 447; Cumberland Tel. Co. v. Woodham, 99 Miss. 318, 54 So. 899; Public Service Corp. v. Watts, 168 Miss. 235, 150 So. 192. Other cases could be cited to the same effect. Cf. Superior Oil Co. v. Richmond (Miss.), 159 So. 850, recently decided, but not yet reported [in State Report].

One of the purposes of the statute requiring an automobile to be equipped with a rear red light is to prevent collisions of the character here, and the driver of an automobile violating this statute should realize the probability that one driving another automobile would approach him from the rear without himself observing the requirements of the "law of the road." In such a case, if the former's negligence contributed to a collision of the automobiles, he is liable to the other, under our concurrent negligence statute, section 511, Code of 1930, for his proportion of the damages sustained by such other.

The other rulings complained of by the appellants will, probably, not appear on another trial.

Reversed and remanded.