WALKER, Justice,
for the Court:
This appeal is from a jury verdict in favor of the defendant Fairburn in the Circuit Court of Walthall County, Mississippi. Appellants, Edna and R. D. Bullock, plaintiffs below, sought compensation for damages from Fairburn arising out of a collision between the pickup truck in which they were riding and a cattle trailer which had uncoupled from a pickup truck driven by Fairburn. The trailer was hitched to the truck by means of a pin inserted through the yoke of the trailer and a metal plate which was welded to the truck. A wire was attached to the flared top of the pin and then wrapped around the yoke in order to hold the pin in place. There was nothing securing the bottom of the coupling pin. It is undisputed, and, in fact, admitted by Fairburn that there were no safety chains connecting the trailer to the truck. It is also uncontradicted that the Bullocks were, at all times, on. their proper side of the road.
*761 The Bullocks, who were severely and permanently disabled and who incurred medical expenses of $14,106.00, charged in their declaration that Fairburn was guilty of violating Mississippi Code Annotated section 63-5-25 (1972), which provides, in part:
Every trailer which shall be towed on the public highways at a speed in excess of twenty miles per hour shall be coupled to the towing vehicle by means of a safety chain, chains, cables, or equivalent devices in addition to the regular trailer hitch or coupling. This requirement does not apply to a semitrailer having a connecting device composed of a fifth wheel and kingpin assembly meeting the requirements of the Interstate Commerce Commission, nor to a pole, pipe, casing, long or piling dolly. No more slack shall be left in any such safety chains, cables or equivalent devices than shall be necessary to permit proper turning. The safety chains, cables or equivalent device shall be so connected to the towed and towing vehicles and to the drawbar to prevent the drawbar from dropping to the ground if the drawbar fails, and shall be of sufficient strength to control the trailer in event of failure of the regular trailer hitch or coupling. (Emphasis added).
Fairburn admitted that immediately prior to the uncoupling of the trailer, he was traveling between 20 and 25 miles per hour, but slowed to between 15 and 20 miles per hour to cross some railroad tracks. From all of the evidence it is apparent that the uncoupling occurred either as Fairburn was crossing the tracks or immediately thereafter.
Appellants testified that they were approaching the tracks from the opposite direction and after rounding a slight curve in the road were suddenly confronted with the trailer proceeding toward them in their lane of traffic. R. D. Bullock testified that this confrontation took place so abruptly that he did not have time to put on his brakes. He also testified that the speed of his truck was 30 or 35 miles per hour. Fairburn estimated the speed of the Bullock vehicle at 50 to 60 miles per hour. There was nothing in the record to indicate what the speed limit was on this stretch of road.
At the conclusion of all of the evidence, appellants moved for a directed verdict and requested a peremptory instruction [1] as to the liability of Fairburn based upon his violation of the above quoted statute. The trial court’s reasoning in overruling the motion and consequently refusing the instruction was that the statute did not apply if the defendant was traveling less than 20 miles per hour when the trailer uncoupled. It was the opinion of the trial court that the jury had to determine that Fairburn was going faster than 20 miles per hour when the trailer uncoupled before it could be said that he violated the statute by failing to use safety chains.
Mississippi Code Annotated section 63-5-25 (1972) was construed in U-Haul Company v. White, 232 So.2d 705 (Miss.1970), where this Court held that it is “ . remedial in nature and should be liberally construed. It is a safety measure enacted for the benefit and protection of pedestrians, bystanders, motorists and other individuals who reasonably might be expected to be affected by a violation of the statute.” (232 So.2d at 708). The Bullocks, without question, come within the protection of the statute.
The question before us now is to determine what the Legislature meant by the language which appears in the first two lines of the statute, to-wit: “Every trailer which shall be towed on the public highways at a speed in excess of twenty miles per hour . ¡ . .” It is readily apparent that it was the intent of the Legislature to protect the public from damage and injury resulting from runaway trailers that have separated from the towing vehicle. It is *762 also apparent that the Legislature intended to exempt, among others, trailers that would not be towed at speeds in excess of 20 miles per hour.
The primary question then, is whether the statute applies to a trailer which is towed at speeds in excess of 20 miles per hour on a given trip, but during the course of such towing there is a momentary reduction in speed to less than 20 miles per hour at which time the trailer becomes uncoupled. Does such reduction of speed take the trailer outside the statute? We think not. Such a strained construction is unnecessary if the statute is to be liberally construed and unrealistic if it is for the benefit and protection of pedestrians, bystanders, motorists and other individuals who reasonably might be expected to be affected by a violation of the statute as was stated in U-Haul, supra.
In Thornhill v. Ford, 213 Miss. 49, 56 So.2d 23 (1952), the Court stated:
“In construing a statute to give effect to the intent or purpose of the legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, effect its purpose, and render it valid, even though it be somewhat indefinite. To this end it should be given a reasonable or liberal construction, and if susceptible of more than one construction, it must be given that which will best effect its purpose, rather than one which would defeat it, even though such construction is not within the literal interpretation of the statute, and even though both are equally reasonable. Where there is no valid reason for one of two constructions, the one for which there is no reason should not be adopted.” 59 C.J. 961. (213 Miss. at 65, 56 So.2d at 30).
In applying the rule stated in Thornhill, we must give Mississippi Code Annotated section 63-5-25 (1972), a construction which wilj best effect its purpose of protection as stated heretofore.
We therefore hold that section 63-5-25 is applicable to a trailer that is coupled with a vehicle being towed in excess of 20 miles per hour even though the vehicle and trailer are temporarily slowed to less than 20 miles per hour, at which time the trailer becomes uncoupled. Such construction will give full effect to the purpose of the statute as well as the limitation contemplated by the Legislature. Under this construction, if a trailer, on any given trip, is not towed in excess of 20 miles per hour, the statute would not apply.
The next question is whether Fairburn’s failure to have safety devices, as required by statute, was a proximate contributing cause of the collision as a matter of law. It is the contention of Fairburn that the evidence raises the possibility of negligence on the part of R. D. Bullock, the driver of the pickup truck, of such magnitude as to be the sole proximate cause of the collision and therefore bar recovery by appellants.
However, assuming for the purpose of argument only, that R. D. Bullock was negligent to some degree, his negligence, if any, could not, under the facts presented by this record, have been the sole proximate cause of the collision of the Bullock truck and the trailer which was running out of control on the wrong side of the road.
In Solomon v. Continental Baking Co., 172 Miss. 388, 160 So. 732 (1935), the automobile in which plaintiff-appellant was riding ran into the rear end of a truck owned by the defendant-appellee. The appellant contended that the collision was due to the appellee’s failure to have a rear red light on his truck as required by statute. The trial court directed a verdict for the defendant and on appeal they argued that the sole proximate cause of the collision was the negligence of the driver of the appellant’s automobile rather than any negligence of its own driver. In reversing the decision of the trial court, the Supreme Court stated as follows:
If the truck was being driven without such a light, the jury would be warranted in finding that the negligence in so doing was a legal and proximate cause of the collision, unless the appellee is correct in saying that the appellants’ driver was *763 guilty of such negligence as superseded the negligence of the appellee’s driver, and became the sole legal and proximate cause of the collision. We will assume, but merely for the purpose of the argument, that the appellants’ driver approached the truck without observing pertinent “laws of the road” in so doing. Nevertheless, such negligence did not supersede the prior negligence of the appel-lee’s driver. First, it does not appear from the evidence that this negligence of the appellants’ driver, assuming that such there was, was of such character that the collision would have resulted therefrom even if the truck had been equipped with a rear red light. Second, where an act of negligence is a substantial factor in bringing about any injury, it does not cease to be a legal and proximate cause thereof because of the intervention of a subsequent act of negligence of another which contributed to the injury, if the prior act of negligence is still operating, and the injury inflicted is not different in kind from that which would have resulted from the prior act. 2 Restatement, Torts §§ 440-442, 447; Cumberland Tel. Co. v. Woodham, 99 Miss. 318, 54 So. 890; Public Service Corp. v. Watts, 168 Miss. 235, 150 So. 192. Other cases could be cited to the same effect. Cf. Superior Oil Co. v. Richmond, 172 Miss. 407, 159 So. 850, recently decided, but not yet reported [in State Report].
One of the purposes of the statute requiring an automobile to be equipped with a rear red light is to prevent collisions of the character here, and the driver of an automobile violating this statute should realize the probability that one driving another automobile would approach him from the rear without himself observing the requirements of the “law of the road.” In such a case, if the former’s negligence contributed to a collision of the automobiles, he is liable to the other, under our concurrent negligence statute, section 511, Code of 1930, for his proportion of the damages sustained by such other. (172 Miss. at 392-93, 160 So. at 733-34).
The instant case is indistinguishable from Solomon with regard to both factors cited by the Court as the basis for its ruling. First, it appears from the evidence that the negligence of R. D. Bullock, assuming that there was such, was not of such a character that the collision would have resulted therefrom if the trailer had been attached to the truck by chains as required by statute. Second, it is clear that appel-lee’s negligence in not having chains was substantial — if chains had been attached as required, the trailer would not have crossed into the Bullocks’ lane of traffic. That negligence was operative at the time of the collision and the injuries inflicted were not different in kind from what which would have resulted from the lack of chains alone. See Meridian Hatcheries, Inc. v. Troutman, 230 Miss. 493, 93 So.2d 472 (1957) and Holmes v. T. M. Strider & Co., 186 Miss. 380, 189 So. 518 (1939).
The defendant did not plead or request an instruction on comparative negligence.
For the above stated reasons, the case is reversed and remanded to the lower court for retrial on the question of damages only.
REVERSED AND REMANDED ON THE QUESTION OF DAMAGES ONLY.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
PATTERSON, C. J., took no part.

. A motion for a directed verdict is properly made by defendant at the conclusion of plaintiffs evidence. A request for a peremptory instruction is properly made by plaintiff or defendant at the conclusion of both plaintiffs and defendant’s case. Paymaster Oil Mill v. Mitchell, 319 So.2d 652 (Miss.1975).