# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00142-SCT

*LIFT-ALL COMPANY, INC.*

*v.*

*KENNETH DANIEL WARNER*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2005 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDWIN S. GAULT, JR. |
| | PHILIP ELMER CARBY |
| ATTORNEY FOR APPELLEE: | WES W. PETERS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 10/12/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Kenneth Daniel Warner was injured when a very heavy concrete slab fell on him, completely severing his arm. He sued Lift-All Company, Inc., which makes slings to carry heavy loads, alleging that the sling used to lift the concrete slab was defective. After a trial, a jury returned a verdict in favor of Lift-All. The circuit court granted a new trial, holding that she erred in giving the jury an instruction on superseding cause and that the verdict was against the weight of the evidence. After granting Lift-All permission to bring this interlocutory appeal, *see* M.R.A.P. 5, we find that the circuit court erred in granting a new trial. Therefore,

we reverse the circuit court's order granting a new trial and render judgment here in favor of Lift-All, in accordance with the jury's verdict.

## FACTS

¶2.     Warner and Mike Pickering, who was Warner's supervisor, were both employed by South Central Plumbing and Heating Company.   The two men were assigned the duty of installing a concrete lid on a grease trap at the Natchez Convention Center.  The lid, which was manufactured by Custom PreCast, Inc., was shaped like a large rectangle with two manholes, one centered on each long end.   It weighed approximately five thousand pounds. The lids were manufactured in a factory setting so that the curing process could take place in a controlled environment.   Since the lids were so large and cumbersome, PreCast customarily attached four large metal loops (called "lifting loops") so that the lids could be hooked onto a lifting device. The lifting loops were positioned on the long sides of the lid, on either side of  the manholes.

¶3.     PreCast delivered the lid in question to the convention center job site several days prior to installation without lifting loops.   Pickering had never installed a lid without lifting loops.[1] When the time came to install the lid, it started raining, so Warner and Pickering quickly decided to install it to prevent the rain from filling the grease trap.

¶4.     South Central usually used a boom truck to install the lids, but one was not available that day, so Warner and Pickering decided to use a forklift, some chain and two Tuflex roundslings manufactured by Lift-All.   The Tuflex slings were made of heavy duty nylon and polyester

---

[1]When the lid without lifting loops was delivered to the job site, the construction crew devised a method for unloading it from the truck.  They cut some metal bars and inserted them into the slots designed for the lifting loops.   The record is silent as to what happened to the metal bars used for unloading the lid.

fibers and consisted of two layers: the first layer, a series of transverse fibers, is housed inside the second layer (jacket) which consisted of binding fibers woven together. Each sling was three feet long, was rated at 5200 pounds, and had a red warning label sewn on the jacket which read as follows:

> **WARNING**   FOLLOW THIS WARNING TO
> AVOID PERSONAL INJURY.
>
> INSPECT BEFORE EACH USE AND DISCARD WHEN RED
> STRIPED WHITE CORE YARNS APPEAR.
>
> DO NOT EXCEED RATED CAPACITY.
>
> PAD EDGES OF LOAD TO AVOID CUTTING SLING.
>
> DO NOT EXPOSE TO TEMP. ABOVE 200° F.

¶5.     The sling could be used as a "bucket" by putting it in a "U" shape. The two "arms" (or sides of the "U") had loops at the top to attach the sling to whatever equipment was being used to lift the sling and its load. The load would rest in the bottom of the "U."

¶6.     Because one sling was not large enough to reach through each of the two manholes on either end of the concrete slab and connect to the lifting equipment, Warner and Pickering decided to tie two of the slings together. The knot where the two slings were connected was placed underneath the concrete lid, approximately in the middle of the two manholes. One arm of each "U" was connected to a heavy chain which, in turn, was connected to a forklift for lifting. Even though each of the slings had the above warning sewn onto them, both Warner and Pickering testified that they did not read this warning; therefore, neither of the two men put padding on the inside of the slings to prevent them from being cut by the sharp edges of the manholes in the concrete slab.

3

¶7.    The men installed the two slings, one of which was eight years old, underneath the concrete slab, with one arm of the slings going through each of the manholes. The ends of the arms were connected to a chain, which, in turn was connected to a forklift. Pickering operated the forklift while Warner stood beside the concrete lid to help guide it over the grease pit. While he was guiding the lid into position, Warner slipped and grabbed the concrete lid. When he grabbed the lid, the older sling broke. The concrete lid fell, completely severing Warner's right arm.

¶8.    Warner filed this personal injury/product liability suit against Lift-All and Custom Pre-Cast. Custom Pre-Cast settled the claims against it. After a four-day trial between Warner and Lift-All, the case was submitted to the jury, which returned a unanimous verdict in favor of Lift-All. Warner filed a motion for a new trial, claiming the jury verdict was against the substantial weight of the evidence and that it was improper to grant a jury instruction on intervening cause in this case. The circuit court granted Warner's motion on both grounds raised by Warner. We granted Lift-All permission to bring this interlocutory appeal. *See* M.R.A.P. 5.

## DISCUSSION

### WHETHER THE CIRCUIT COURT ERRED IN SETTING ASIDE THE JURY VERDICT AND GRANTING WARNER'S MOTION FOR NEW TRIAL.

¶9.    The learned trial judge set aside the verdict of the jury on Warner's motion for a new trial pursuant to Rule 59 of the Mississippi Rules of Civil Procedure, holding that the verdict was against the overwhelming weight of the evidence and that it was improper to grant Lift-All an intervening cause instruction.

4

## A. Weight of the Evidence

¶10. At trial, Warner contended that the slings were defective because they broke under the weight of the concrete slab. Lift-All countered that the slings were not defective, but the accident was due to a cut to one of the slings caused by the two men's failure to pad them where they touched the sharp steel edges of the manholes. After the jury returned a verdict in favor of Lift-All, the circuit court granted a new trial, stating that the "jury forgot all about the defective product and went on other stuff." An interpretation of this ruling is that, in the circuit court's judgment, Warner proved that the sling was defective and the jury verdict was against the overwhelming weight of the evidence.

¶11. Our trial courts have the authority to set aside a jury verdict "where, in the exercise of their sound discretion, they regard such a verdict as being contrary to the substantial weight of the evidence." *Blossman Gas, Inc. v. Shelter Mut. Gen. Ins. Co.*, 920 So. 2d 422, 424 (Miss. 2006). The converse is likewise true: if the jury verdict is supported by the substantial weight of evidence, it should not be set aside. Therefore, "if there is evidence of such quality and weight that reasonably fair minded jurors in the exercise of impartial judgment might reach different conclusions, the jury verdict should be allowed to stand, and the motion [for a new trial] should be denied." *Upchurch v. Rotenberry*, 761 So. 2d 199, 204 (Miss. 2004). As such, cases where there are "conflicts of evidence presented at trial are to be resolved by the jury." *Blossman Gas*, 920 So. 2d at 426; *Venton v. Beckham*, 845 So. 2d 676, 687 (Miss. 2003) (citing *Jackson v. Griffin*, 390 So. 2d 287, 289 (Miss. 1980)).

¶12. By statute, a manufacturer shall not be liable for damages in a product action unless the complainant proves by a preponderance of the evidence the following: (1) the product is

5

defective; (2) the defective condition rendered the product unreasonably dangerous to the user or consumer; and (3) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought. Miss. Code Ann. § 11-1-63 (Rev. 2002).

¶13.    To prove that the slings were defective, Warner presented evidence that: (1) the lid weighed five thousand pounds; (2) the sling's label lists its weight capacity in the basket form as 5,200 pounds; (3) the sling jacket and the warning label which was sewn to the jacket made it impossible to check the inner core fibers which bore the load for damage; (4) Lift-All used a variety of polymers from different sources to form the inner core fibers and did not test them; (5) Lift-All marketed the slings to be used in the construction industry and to be used with chains and cables; (6) Lift-All seldom sold the protective pads mentioned in the warning; (7) Lift-All knew the number one problem with the sling was cutting; (8) Lift-All could have solved the problem of cutting by offering a spider web-designed sling that it previously made; and (9) the position of the forks above the manholes and the almost vertical alignment of the chains to the slings limited any contact of the slings with the manhole openings.[2]

¶14.    On the other hand, Lift-All presented evidence as follows: (1) the slings failed because of misuse; (2) the sling which broke was 8 years old; (3) this sling had worked well for all

_____

[2]Larry Means, Lift-All's expert, testified that, based on his investigation, he believed the chain was connected to a single fork of the forklift and that the top lip of the manhole opening severed the sling. However, on rebuttal, Mike Pickering testified that the chain was connected to both forks. Warner argued that the forks being slightly wider than the manholes would have minimized the possibility of a failure caused by cutting. Lift-All argued that, even assuming that as true, the angle the lid was in when the sling failed, with one side resting on the grease trap and the other high in the air would have still placed the sharp edge of the manholes in contact with the sling.

6

other lifts; (4) there was no proof offered that the inner load bearing fibers were damaged before the accident occurred; (5) the warning on the sling was intact on the day of the accident; (6) neither Warner nor Pickering read the warning on the sling; (7) Warner's expert witness admitted that he was not an expert in lifting devices and had no experience manufacturing lifting devices; (8) a Lift-All representative testified that the sling was cut and that he had never seen a sling with damage to the load bearing core without damage on the outside; (9) one of Lift-All's expert witnesses testified that the sling was cut; (10) Warner's expert witnesses could not rule out the theory that the sling did not break – it was cut; (11) a picture of the ends of the sling where it was cut; (12) a picture of a sling that was cut; (13) a picture of a sling that broke due to excessive weight; and (14) a video of a sling that broke due to excessive weight.

¶15.    It is obvious from reviewing the record that the evidence was not overwhelmingly in favor of either side.   As stated above, "if there is evidence of such quality and weight that reasonably fair minded jurors in the exercise of impartial judgment might reach different conclusions, the jury verdict should be allowed to stand, and the motion [for a new trial] should be denied."  *Upchurch*, 761 So. 2d at 204.  This case presents a classic jury question – whether the sling broke, as Warner says, or whether the sling was cut, as Lift-All says.  *See, e.g., Jones v. United States Fid. & Guar. Co.*, 822 So. 2d 946, 948 (Miss. 2002) (evidence which pitted one parties' claims against the other created a question of fact for jury so peremptory instruction was improper).  "In contrary situations where the evidence presented at trial was in dispute and differing conclusions could easily be reached, this Court has refused to take an issue from the jury or to interfere with a jury's decision." *McKinzie v. Coon*, 656 So. 2d 134, 140 (Miss. 1995).

7

¶16. Faced with this conflicting evidence, the jury sided with Lift-All. A special verdict form was used wherein the jury was asked,

> Do nine or more of you find from a preponderance of the evidence that Lift-All manufactured and sold the round sling in a defective and unreasonably dangerous condition and that this defective and unreasonably dangerous condition, if any, was the proximate cause or a proximate contributing cause to the damages and injuries you may believe were suffered by Plaintiff Daniel Warner in this case?

The jury responded, "No." Lift-All presented evidence of quality and weight, *see* **Upchurch**, 761 So. 2d at 204, including that of expert witnesses. The testimony was supported by photographs which clearly showed the condition of a test sling which had broken due to weight, of a test sling which had broken due to cutting, and of the actual sling which broke at the construction site. Therefore, the verdict should not have been disturbed. We find that the circuit court erred in granting the motion for a new trial because the verdict in favor of Lift-All was not contrary to the overwhelming weight of the evidence.

### B. Superseding Cause Jury Instruction

¶17. Warner contends that the superseding cause jury instruction should not have been given for four reasons: (1) the proffered jury instruction did not correctly state the law; (2) the facts of the case did not support a superseding cause instruction; (3) superseding cause instructions should be given only if the cause of the injury was unforeseeable; and (4) superseding cause is an question of law for the court to decide, not a question of fact for the jury. We find that

the cause of the injury was foreseeable; therefore, the superseding cause instruction should not have been given.[3]

¶18. The question of whether an act of negligence is a foreseeable superseding cause requires an examination of the sequence of events leading to the injury. *Eckman v. Moore*, 876 So. 2d 975, 982 (Miss. 2004) ("The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury?").

¶19. The following is a rendition of the sequence of events, the combined effect of which, Lift-All argues, was the superseding cause for the accident: (1) The concrete slab delivered by PreCast to the job site did not have the lifting loops usually installed by PreCast; (2) South Central did not provide the two men with the boom truck usually used to install concrete slabs; (3) The ground around the grease trap was muddy, and the ground became even more slippery when it began to rain; (4) The two men hurried to install the concrete slab so that the grease pit would not fill with rainwater; (5) The two men fashioned a makeshift device out of two Lift-All slings to hold the weight of the concrete slab; (6) Despite the warning label to the contrary, the two men failed to pad the slings so that they would not come into contact with the sharp edges of the manholes; (7) While steering the concrete slab into place, Warner slipped and

---

[3] The circuit court erroneously found that the issue of whether a superseding cause relieved Lift-All of any liability was a question of law and should not have been submitted to the jury as a question of fact. We have long held that a superseding cause issue is a question of fact for the jury. *Maness v. Ill. Cent. R.R.*, 271 So. 2d 418, 423 (Miss. 1972) (citing *Solomon v. Cont'l Baking Co.*, 172 Miss. 388, 160 So. 732 (1935)).

grabbed onto the concrete slab; and (8) The sling broke, and the concrete slab fell onto Warner, causing the injury.

¶20. All of the events which occurred were at least arguably foreseeable. We have adopted six factors to consider in determining whether an intervening act in the chain of events becomes a superseding cause, one of which being "the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation." *Southland Mgmt. Co. v. Brown ex rel. Brown*, 730 So. 2d 43, 46 (Miss. 1998) (citing Restatement (Second) of Torts § 440 (1965)). All of the events which led up to the injury were at least arguably normal consequences of the actions taken by the two construction workers instead of extraordinary consequences.

¶21. Therefore, the superseding cause instruction should not have been given. However, we find this error to be harmless in light of the fact that the jury's finding that the sling was not defective. *See Jones v. Panola County*, 725 So. 2d 774, 777 (Miss. 1998) (where vandalism of road signs was foreseeable, granting of a superseding cause jury instruction was not reversible error). More importantly, this special interrogatory shows that the jury specifically found that Lift-All was not negligent in any way. Since Lift-All was not negligent in its manufacture and design of the slings, there was no primary act of negligence which could be superceded by a secondary act of negligence.

## CONCLUSION

¶22. For these reasons, we reverse the circuit court's order granting a new trial, and we render judgment in favor of Lift-All, in accordance with the jury's verdict.

¶23. **REVERSED AND RENDERED.**

**SMITH, C.J., EASLEY AND DICKINSON, JJ., CONCUR. RANDOLPH, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. COBB, P.J., CONCURS IN RESULT ONLY. CARLSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND GRAVES, JJ. GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. CARLSON, J., JOINS IN PART.**

**CARLSON, JUSTICE, DISSENTING:**

¶24. Today, we are again reviewing, via an interlocutory appeal, a trial judge's grant of a new trial. Seeing no reason to belabor the point, I dissent from the plurality opinion, consistent with the reasoning set out in my separate opinion in *White v. Stewman*, 932 So.2d 27, 41-44 (Miss. 2006) (Carlson, J., concurring in part and dissenting in part). I would allow a new trial to proceed consistent with the trial judge's ruling, and if, upon a second trial, a party feels aggrieved, a direct appeal will be the appropriate remedy.

¶25. For these reasons, I respectfully dissent.

**DIAZ AND GRAVES, JJ., JOIN THIS OPINION.**

**GRAVES, JUSTICE, DISSENTING:**

¶26. The plurality disregards this Court's long-standing rule that a trial court's decision to grant a new trial is upheld, unless the judge abuses his discretion. *White v. Yellow Freight System, Inc.* 905 So.2d 506, 510-11 (Miss. 2004) (citing *Green v. Grant*, 641 So.2d 1203, 1207 (Miss. 1994). Rule 59 of the Mississippi Rules of Civil Procedure gives the trial court great discretion in its decision to grant a new trial. Because the trial judge did not abuse her discretion in granting a new trial to remedy the error of giving the jury the superseding cause instruction, I respectfully dissent.

¶27. The plurality acknowledges that it was error for the trial judge to give the superseding cause instruction to the jury. However, the plurality does not address whether the trial judge abused her discretion by granting a new trial to remedy the error. The plurality only finds that the error was harmless. I disagree.

¶28. When reviewing the granting and the refusing of jury instructions this Court will not find reversible error if the instructions fairly announce the law and do not create an injustice when read as a whole. *Reese v. Summers*, 792 So.2d 992, 994 (Miss. 2001) (citing *Fielder v. Magnolia Beverage Co.*, 757 So.2d 925, 929 (Miss. 1999)). It is undisputed that the superseding instruction was an incorrect statement of the applicable law and should not have been given. However, in contrast to the plurality, I find that the superseding instruction also created an injustice to Mr. Warner by providing Lift-All with a defense to which it was not entitled.

¶29. The superseding cause instruction was inextricably intertwined with the special verdict query given to the jury. The superseding cause instruction that was given to the jury read as follows:

> The Court instructs you [the jury] that a superseding cause is an independent and unforeseen act by a third person which follows the Defendant's negligence and which is the substantial factor in causing the Plaintiff's injuries. A superseding cause becomes the proximate cause for the Plaintiff's injuries, and the Defendant's negligence is a remote cause for which the Defendant is not liable. Thus, even though you find from a preponderance of the evidence of this case that Defendant Lift-All was negligent in the design or manufacture of its product, the synthetic round sling in question, which Defendant Lift-All denies, but you further believe that an independent and unforeseeable act by a third party, in this instance South Central Heating and Plumbing (herein "South Central") and/or Custom Pre-Cast Products, Inc. (herein "Custom Pre-Cast"), committed independent and unforeseeable negligence and that these negligent acts, if any, followed Lift-All's negligent acts, if any, and were the substantial

12

factor in causing the Plaintiff's injuries, then the Defendant Lift-All is not liable for the injuries proximately resulting from the superseding cause, and your verdict shall be for the Defendant, Lift All.

(Emphasis added). The special verdict query was as follows:

Do nine or more of you find from a preponderance of the evidence that Lift-All manufactured and sold the round sling in a defective and unreasonably dangerous condition and that this defective and unreasonably dangerous condition, if any, was the proximate cause or a proximate contributing cause to the damages and injuries you may believe were suffered by Plaintiff Daniel Warner in this case?

(Emphasis added).

¶30. This Court has held that jury instructions must be read as a whole. *Reese*, 792 So.2d at 994. The trial court, adhering to case law, instructed the jurors "not to single out one instruction alone as stating the law, but you [the jurors] must consider these instructions as a whole." Following the judge's instructions, the jury improperly relied upon the superseding cause instruction when reaching their decision on whether or not Lift-All was liable. Since the superseding cause instruction was an incorrect statement of the law, upon which the jury presumptively relied, an injustice occurred. I find that the trial court's decision to grant the superseding cause instruction constituted reversible error. Hence, I further find that the trial judge did not abuse her discretion in granting a new trial to remedy the error of granting the superseding cause instruction. *See Rayner v. Lindsey*, 243 Miss. 824, 138 So.2d 902, 906 (1962) (holding that the trial judge did not manifestly abuse his discretion in granting a new trial to remedy an excessive award of damages when there was no credible evidence presented to the jury to support their findings).

¶31. The plurality concedes that an incorrect instruction was given. That instruction was one which provided that even if the jury found that Lift-All was negligent, it could still find Lift-All

13

was not liable because of a superseding cause. Such an instruction, erroneously given in this case, justifies the outcome reached by the trial judge. The decision of the trial judge should be affirmed.

**DIAZ, J., JOINS THIS OPINION.  CARLSON, J., JOINS THIS OPINION IN PART.**