KITCHENS, Justice,
dissenting:
¶59. Because this is not one of those rare cases when the question of causation should be taken away from the jury, I would reverse the grant of summary judgment and remand the case for trial.
¶ 60. The doctrine of negligence per se relieves the plaintiff of the burden of proving lack of due care on the part of the alleged tortfeasor if the defendant’s violation of a statute proximately caused or contributed to the plaintiffs injury. Simpson v. Boyd, 880 So.2d 1047, 1052 (Miss.2004) (citing Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 796 (Miss.1995)). Negligence per se applies if “(1) the plaintiff is within the class protected by the statute, and (2) the harm sustained is the type sought to be prevented by the statute.” Id. (citing Palmer, 656 So.2d at 796). The plaintiff still must prove causation, but “the question of superseding intervening cause is so inextricably tied to causation, it is difficult to imagine a circumstance where such an issue would not be one for the trier of fact.” Id. (quoting O’Cain v. Harvey Freeman & Sons, Inc., 603 So.2d 824, 830 (Miss.1991)). Of greater importance, criminal acts of third parties do not, by definition, auto *128 matically relieve the defendant of liability. Id.
¶ 61. Unlike most negligence per se claims, criminal acts with handguns are within the realm of reasonable foreseeability, because the very purpose of the federal legislation applicable to this sale was to curb violent crimes involving firearms. Huddleston v. United States, 415 U.S. 814, 824, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). One reasonably could expect that the violation of a statute that was designed to curb violent crime proximately could result in the commission of a violent crime. In other words, criminal acts presumably are within the realm of reasonable foreseeability.
¶ 62. As the victim of a violent crime, Williams was within the class of persons sought to be protected, and his death was the type of harm the statute sought to prevent. Thus, the doctrine of negligence per se applies and relieves the plaintiffs of proving that Moore had a propensity for violence, or that Walmart knew of Moore’s violent nature. By requiring the plaintiffs to demonstrate such additional facts, the majority removes the claim from negligence per se and places it within the realm of general negligence. Cf. Corley v. Evans, 835 So.2d 30, 38-39 (Miss.2003) (premises owner liable for assault by third party if the owner has actual or constructive knowledge of the assailant’s violent nature) (citations omitted).
¶ 63. Moreover, despite the majority’s finding to the contrary, a jury should determine whether Walmart knew or should have known that the shooter was underage. It is undisputed that a Walmart employee facilitated a “straw purchase.” A jury reasonably could infer from the evidence that Moore had his friend buy the cartridges because he was not legally permitted to do so himself — in this case, because he was under twenty-one years of age.
¶ 64. The majority also finds that twenty-year-olds, as a matter of law, are “old enough to appreciate the danger of misusing ammunition,” reasoning that Moore “had known that guns could kill people.” Again, this is a question for the fact finder. A ten-year-old child might know that guns can kill, yet the United States Congress has drawn the line at twenty-one. It is up to the fact finder, not the judge, to determine what role, if any, Moore’s age played in the death of Robert Earl Williams.
¶ 65. Certainly, a violation of the federal law, on its own, does not automatically subject Walmart to liability for Williams’s death. In the same way, criminal acts do not automatically insulate Walmart from liability. Yet, one who violates a law that was legislatively designed to curb criminal activity cannot escape civil liability by relying on an assumption that persons will obey the criminal law. The plaintiffs still must demonstrate that “the injury inflicted is not different in kind from that which would have resulted from the [unlawful sale].” Bullock v. Fairbum, 353 So.2d 759, 763 (Miss.1977) (citations omitted). But, in this case, that determination is for the jury.
DICKINSON, . P.J., CHANDLER AND KING, JJ., JOIN THIS OPINION.