513 So.2d 600 (1987)
Dorothy WHITE,
v.
Ruby M. MILLER.
No. 57082.
Supreme Court of Mississippi.
September 30, 1987.
Jim Brantley, Paul Snow & Associates, Jackson, for appellant.
James D. Holland, Nina Claire Taylor, Upshaw, Williams, Biggers, Page & Kruger, Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Dorothy White appeals from a jury verdict in favor of Ruby Mae Miller in the circuit court of the First Judicial District of Hinds County, in which White sued Miller for driving her car into the rear of a car in which White was a passenger. We find from the facts of this case that Miller was negligent as a matter of law, and reverse.

*601 FACTS
Terry Road in Jackson was a four-lane street. Late Sunday afternoon between 5:00 and 5:30 on December 30, 1984, as it was just getting dark, Mrs. Dorothy White was riding as a passenger in her 1977 Mercury being driven by her husband Harold. The weather was clear and dry.
White stopped the car in order to permit a preceding vehicle to turn off the street. While the White vehicle was stopped, it was struck from the rear by a 1980 Pontiac being driven by Miss Ruby Mae Miller.
Miller's version of the accident was that she had borrowed her brother Eugene's car and was driving it to her residence. She had gotten onto Terry Road at the Chestnut Drive-Terry Road merger, and the accident occurred between Treehaven Street intersection and the Dixie Gas station. She did not know her speed, but testified she was moving with the traffic flow, and that the speed limit was 40 miles per hour. Her headlights were on.
Miller further testified she was driving about one car length behind the White vehicle when a truck in front of the White vehicle turned into the Dixie Gas Station (on the right side of the street in the direction in which the vehicles were headed), that the brake lights on the White vehicle lit, and it suddenly stopped. Miller hit her brakes but could not stop her car before it ran into the rear of the White vehicle. There were no skid marks.
White testified she and her husband were returning home from fishing and headed South on Terry Road. She said a car ahead of them going in the same direction stopped to make a left turn off Terry Road, and while her car was stopped to permit the car ahead to make the left turn, it was struck from the rear by the Miller car. She testified they had been stopped a half minute or more when her car was struck by the Miller car.
Both cars were traveling in the inner, or center lane of the southbound traffic. The impact caused very little damage to either car.
Following the trial the circuit judge refused to instruct the jury that Miller was negligent as a matter of law. The jury returned a verdict for the defendant, and White appeals.

LAW
There is but one issue on this appeal. Was White entitled to a peremptory instruction against Miller as to liability?
By statute and our decisions, the driver of a vehicle following along behind another, and not attempting to pass, has a duty encompassing four interrelated functions: he must have his vehicle under proper control, keep a proper look-out ahead, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle. See: Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss. 1984); Shideler v. Taylor, 292 So.2d 155 (Miss. 1974); Dean v. Dendy, 253 So.2d 813 (Miss. 1971); Griffin v. Gladden, 197 So.2d 891 (Miss. 1967); Jones v. Richards, 254 Miss. 617, 181 So.2d 923 (1966); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Miss. Code Ann. § 63-3-619 (1972).[1]
This Court has never adopted a per se rule that the driver of the following car is negligent if he collides with the rear of a preceding vehicle, nor do we in this case. Rather we would mind the warning stated in Jones v. Hatchett, 504 So.2d 198, 204 (Miss. 1987), that instructions on a driver's duty to drive at a speed sufficiently slow to enable him to stop within his range of vision "should not be interpreted or applied to impose on a driver an absolute duty to avoid a collision. Such an interpretation *602 would indicate that a driver had a duty to avoid a vehicle which suddenly darted out into his path ten feet in front of him." But a car that suddenly darts into a driver's path ten feet in front of him is not "an object discernible in the range of his vision or in the assured clear distance ahead," as was the White vehicle in relation to Mrs. Miller.
We have come very close to a per se rule in rear-end collision cases factually analogous to this one, however. Thus, in Griffin v. Gladden, supra, we held that the driver of a following vehicle which collided with the rear of a preceding vehicle as it was about to drive around a disabled truck on the Mississippi River bridge from Natchez was negligent as a matter of law. The defendant in that case testified the forward car hit its tail lights, and he applied his brakes, but could not stop.
And, in Dean v. Dendy, supra, we held the driver of the following vehicle was negligent as a matter of law in colliding with the rear of another vehicle in which the driver stopped at the crosswalk of a school ground to let her child out of the car. We held this notwithstanding our observation that the driver of the preceding vehicle may also have been contributorily negligent in stopping without giving any signal, either by brake or hand, that she was stopping.
In determining whether White was entitled to a peremptory instruction, it was incumbent upon the circuit court, as it is upon this Court, to consider all of the evidence  not just the evidence adduced on Miller's behalf  in the light most favorable to Miller. Miller must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of White that reasonable men could not have arrived at a contrary verdict, granting the peremptory instruction is required.[2]Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss. 1987). If reasonable jurors could differ as to the verdict, then a directed verdict must be refused. Baker Service Tools, Inc. v. Buckley, 500 So.2d 970, 972 (Miss. 1986). In directing that a judgment be entered contrary to the verdict, the Court is saying that no hypothetical, reasonable juror could have found the facts in accordance with Miller's innocence of negligence. Bell v. City of Bay St. Louis, 467 So.2d 657, 660 (Miss. 1985).
We must conclude from the record that the plaintiff was entitled to a peremptory instruction or directed verdict on liability. Miller does not contend, nor could she from this record, that Mr. White was contributorily negligent in stopping his vehicle.
Miller did not know her approximate speed, she was driving approximately one car length behind the White vehicle when she saw the truck turn off in front of White into the Dixie Gas station, and saw the White vehicle brake lights come on. There is no way any rational jury could reach any conclusion but that Miller in following the White vehicle failed in either one or more of her duties to keep a proper lookout ahead, keep her car under proper control, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle to stop without colliding into its rear end when that vehicle stopped to allow the truck to turn off the street.[3] There was no testimony like that in Jones v. Hatchett, 504 So.2d at 204, that would contraindicate a directed verdict.
*603 From this record no other conclusion can be reached but that Miller was not paying proper attention to her driving, and as a result of such negligence she collided with the rear end of the White vehicle.
It therefore follows that this case should be reversed for failure to direct a verdict on negligence and remanded for trial on the issue of damages alone.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Miss. Code Ann. § 63-3-619 in pertinent part reads as follows:

§ 63-3-619. Following too closely prohibited.
(1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
[2] The plaintiff in this case at the close of all the evidence requested and was refused a peremptory instruction to the jury to find for the plaintiff. Under our Rule 50(a) MRCP, the technically correct procedure would have been for the plaintiff to move for a directed verdict at the conclusion of the presentation of all the evidence. See: Maxwell v. Illinois Central Gulf R.R., 513 So.2d 901, 903-904 (1987).
[3] Cf. Grimes v. Haslett, 641 P.2d 813, 819 (Alaska 1982) (Trial court erroneously refused to direct a verdict that Haslett was negligent. "Grimes had to stop for a car which was turning left into a McDonald's ... Left turns onto business premises are a fairly routine traffic event. Grimes testified that the car ahead signalled before it turned, and that she had time to come to a complete stop. Haslett, for no apparent reason, could not stop in time.") While recognizing that a driver who strikes a car from the rear is not per se negligent, the Alaska Supreme Court "could not avoid the conclusion" that a directed verdict should have been granted in Grimes' favor on the issue of Haslett's negligence.

See also Ceeder v. Kowach, 17 Ill. App.2d 202, 149 N.E.2d 766 (1958) (jury verdict for defendant could not stand where defendant collided with rear of plaintiff's vehicle while the latter was stopped at a red light).
The common element in Grimes and Ceeder is that vehicles stopped at red lights and to make left-hand turns are to be expected and should influence the speed at which one travels, the vigilance of one's lookout, and the distance which one allows between the car ahead and his own.
On the other hand, cases holding that the fact of collision is not conclusive of defendant's negligence tend to present emergency factual settings. Szarapski v. Joaquin, 139 Cal. App.2d 27, 292 P.2d 959 (1956) (defendant encountered slow-moving vehicle traveling without lights at night); Kuether v. Locke, 261 Minn. 41, 110 N.W.2d 539 (1961) (dog ran into the road); Millonig v. Bakken, 112 Wis.2d 445, 334 N.W.2d 80 (1983) (defendant encountered stalled vehicle upon rounding sharp bend in an icy road). Into this category of emergencies or unavoidable accidents falls the hypothetical vehicle which suddenly darts out into a driver's path ten feet in front of him mentioned in Jones v. Hatchett, 504 So.2d at 204.
The rule stated in Miller v. Cody, 41 Wash.2d 775, 252 P.2d 303 (1953), may reconcile the Mississippi case holdings: Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver and in the absence of an emergency or unusual condition he is negligent as a matter of law if he runs into the car ahead.
This is the sort of non-rule that allows the case-by-case decisions that factual variations require. The jury can decide whether or not the circumstances rise to the level of emergency or abnormal condition.