LEE, J.,
for the Court:
¶ 1. Victoria D. Walker and her husband, Terry Walker, filed a complaint against Susan R. Reed for Mrs. Walker’s alleged personal injuries suffered as a result of an automobile accident involving Reed, Tracy Williams, and Mrs. Walker. The jury returned a verdict in favor of Reed, and the Walkers filed a timely appeal and present the following issues: (1) whether the Walkers were entitled to a directed verdict or a peremptory instruction on liability, (2) whether the Walkers were entitled to a judgment notwithstanding the verdict or a new trial, and (3) whether the granting of jury instruction D-3 was in error. Finding these issues to be without merit, accordingly, we affirm the lower court.
FACTS
¶ 2. On July 15, 1994, Mrs. Walker was involved in an automobile accident in Memphis, Shelby County, Tennessee. There were actually three automobiles involved in this accident. Mrs. Walker was driving the first automobile; Tracy *376 Williams was driving the second automobile, and Reed was driving the third automobile. Each automobile was being driven in the previously enumerated order.
¶ 3. It is undisputed that on the day in question, at approximately 7:20 a.m., all three automobiles were driving northbound on Interstate 240 at or near the Norris Road exit. Traffic had come to a halt. Mrs. Walker asserted that during this time her automobile was struck from behind by the automobile operated by Williams. She contended that Williams’s automobile was projected into her automobile because Reed had driven her automobile into the rear of Williams’s automobile. Mrs. Walker asserted that she suffered a personal injury as a result of the automobile accident.
¶4. Mrs. Walker contended that as a result of this accident she suffered an injury to her jaw which resulted in Temporomandibular Joint Syndrome (TMJ) problems. She further asserted that as a result of the accident involving Reed and the injury to her jaw, she required two unsuccessful surgeries, incurred lost wages, pain and suffering, and mental anguish. Mr. Walker claimed loss of consortium due to his wife’s injuries. Reed disputed their arguments.
¶ 5. Reed stated that she had no knowledge that she had caused Williams’s automobile to collide with Mrs. Walker’s automobile, if in fact an impact had actually occurred between the two automobiles. Reed also refuted the Walkers’s assertion that the TMJ and their losses therefrom were caused as a result of any actions taken by her. Reed argued that Mrs. Walker’s TMJ, as well as her and her husband’s resulting losses, were either due to a pre-existing accident caused by Mrs. Walker’s own actions, or were a result of both.
¶ 6. Approximately six weeks prior, on June 2, 1994, Mrs. Walker had been involved in an automobile accident. As a result of this accident, Mrs. Walker suffered injuries to her head, neck, and back. Additionally, there was testimony that revealed that Mrs. Walker clinched her teeth, and this was a possible source of her TMJ. Any other pertinent facts will be discussed below as necessary to address the issues presented by the Walkers.
DISCUSSION
I. WHETHER THE WALKERS WERE ENTITLED TO A DIRECTED VERDICT OR PEREMPTORY INSTRUCTION ON LIABILITY.
¶ 7. The Walkers argue that the trial court erred when it did not grant a directed verdict or peremptory instruction in their favor on the issue of liability. In determining whether the Walkers are entitled to a directed verdict or a peremptory instruction, we must evaluate the evidence under the appropriate standard of review.
¶ 8. This Court notes that while the Walkers refer to the granting of a directed verdict or a peremptory instruction effective January 1, 1982, Mississippi Rules of Civil Procedure Rule 50(b) eliminated a request for a “peremptory instruction” from our civil procedure terminology. Wilner v. Mississippi Export R.R. Co., 546 So.2d 678, 681 (Miss.1989). Now, when a party is seeking a peremptory instruction, they present a motion for a directed verdict at the close of the evidence. Id. However, the Mississippi Supreme Court has held that a request for a peremptory instruction is the functional equivalent of a motion for a directed verdict under Rule 50(a). Id. (citations omitted). Therefore, this Court applies the same standard to a request for a peremptory instruction and a directed verdict. Id.
¶ 9. The standard requires the trial court to consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences that may be derived from the evidence, as well as contemplating any uncontradicted evidence presented by the moving party." Pickering v. Industria Ma *377 sina I Traidora, 740 So.2d 836 (¶ 23) (Miss.1999). The Mississippi Supreme Court has also held that an issue should only be presented to the jury when the evidence creates a question of fact on which reasonable jurors could disagree. Herrington v. Spell, 692 So.2d 93, 97 (Miss.1997) (citation omitted).
¶ 10. The Walkers cite the case of White v. Miller, 513 So.2d 600, 601 (Miss.1987), to support their theory that Reed was liable for their damages. In White, the Mississippi Supreme Court relied on numerous prior cases which stated that automobiles which are behind another automobile and not attempting to pass said automobile have a duty. Id. at 601. This duty consists of four elements: (1) the automobile must be under proper control, (2) the driver must keep a proper lookout, (3) drive at a speed which leaves a sufficient distance between the two automobiles; therefore, (4) if the preceding automobile should stop abruptly one can nevertheless stop the automobile without colliding with the automobile in front of it. Id. The Walkers further assert the result of Reed’s failing this duty caused Reed’s automobile to be propelled into Williams’s automobile and in turn, Williams’s automobile was propelled into the Walkers’s automobile; therefore, Reed was responsible for their injuries. This Court notes that the supreme court in White stated that it had not adopted a per se rule that the driver of a following automobile is negligent for coming in contact with the preceding automobile, but that the court had come very close to applying a per se rule in rear-end collision scenarios factually similar to the facts in White. White, 513 So.2d at 601-02.
¶ 11. In White, White filed a lawsuit against Miller because Miller had driven her automobile into the rear of the automobile in which White was a passenger. White, 513 So.2d at 600. In the case at bar, our facts are not similar to those of White. Unlike in White, in the case sub judice, it is alleged that there were three automobiles involved in the accident. Additionally, Reed contests that it was her automobile that caused Williams’s car to impact with Mrs. Walker’s, if in fact there was a collision between Williams’s and Mrs. Walker’s automobiles.
¶ 12. Reed conceded that Mrs. Walker was in the first vehicle, that Williams was in the second vehicle, and that Reed was in the third vehicle. It is undisputed by Reed that she collided with the rear end of Williams’s automobile; therefore, if Williams were involved in this action she may well have been entitled to a directed verdict on negligence. However, this is not the case for the Walkers because their automobile was separated from Reed’s automobile by Williams’s automobile. The following more clearly shows the factual dispute relative to the cause of the accident in the case at bar.
¶ 13. Mrs. Walker testified that Reed’s automobile propelled Williams’s automobile into her automobile. Reed testified that at the time of the accident with Williams’s automobile, traffic had narrowed to one lane and was moving very slowly and then came to a complete stop. Reed also testified that Williams’s automobile moved forward and then suddenly came to a complete stop, and she “bumped” her automobile. Additionally, Reed testified that she was unsure whether Williams’s automobile collided with Mrs. Walker’s automobile, and that if it did, she had no knowledge if it was due to the contact between her automobile and Williams’s automobile. This Court notes that the thrust of the impact, if any, caused by Reed’s automobile was in dispute. Reed estimated that her speed was no more than five miles per hour when she struck Williams’s automobile. Mrs. Walker testified that the impact made it feel like her jaw had been ripped off. Furthermore, neither the Walkers nor Reed presented Williams, the driver of the second automobile, as a witness in an attempt to give more credibility to either parties’s version of the facts surrounding the accident. Therefore, there was a question of *378 fact which was properly left for decision by the jury regarding whether Reed caused Williams’s automobile to collide with Mrs. Walker’s automobile and whether there was any subsequent injuries caused by the accident which Reed was responsible. In the presént case, there was clearly a factual question to be determined. Even giving the Walkers the benefit of all reasonable inferences, a question of fact for the jury remained; therefore, we affirm the- trial court’s denial of a directed verdict/peremptory instruction.
II. WHETHER THE WALKERS WERE ENTITLED TO A JUDGMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL.
¶ 14. The Walkers argue that the trial judge erred when he denied their request for a judgment notwithstanding the verdict (JNOV); however, the same standard of review applies to a directed verdict and a JNOV. Sperry-New Holland, v. Prestage, 617 So.2d 248, 252 (Miss.1993). Therefore, pursuant to the discussion of the standard of review and the facts in issue one, it is for the same reason the trial court did not err when it denied the Walkers motion for JNOV. We affirm the holding of the trial judge on this matter; however, we must still address whether the trial judge erred when he denied the Walkers’s motion for a new trial.
¶ 15. In their appeal, the Walkers have two issues dealing with the topic of a new trial. The first issue that addresses the merit of a new trial is drafted as seen above, and the other issue simply states that the jury verdict was against the overwhelming weight of the evidence; however, these are really one and the same issue and will be addressed as such. The standard of review applicable in evaluating whether the trial judge properly denied a motion for a new trial is an abuse of discretion standard. American Nat. Ins. Co. v. Hogue, 749 So.2d 1254, 1259 (Miss.Ct.App.2000). A jury verdict will not be disturbed and a new trial will not be ordered by this Court unless we are convinced that the verdict is contrary to the overwhelming weight of the evidence or is contrary to the law. Id.
¶ 16. There were several facts that were in dispute. For instance, it was contested whether the actions of Reed actually caused an impact between the automobiles of Williams and Mrs. Walker. Additionally, there was extensive testimony presented by Mrs. Walker and others pertaining to the cause of her injuries and their severity. Notwithstanding, testimony was also presented by Reed which questioned the diagnosis of the doctors, the severity of the injury, and whether in fact the TMJ was caused by the accident on July 15, 1994 or stemmed from some other source. During the trial there was a factual dispute about the severity of the actual impact of the automobiles.
¶ 17. As previously stated, Walker testified that upon impact it felt like her jaw had been ripped off. During cross-examination, Mrs. Walker was further questioned about her version of the impact. Counsel for Reed questioned Mrs. Walker relative to the description of the accident she had furnished to one of her physicians, Dr. Howser. Although disputed by Mrs. Walker, Reed raised a question of fact regarding whether Mrs. Walker had informed Dr. Howser “that she was sitting in traffic and a vehicle came fast, 60.... ” Contrary to Mrs. Walker’s version of the impact, Reed testified that her maximum speed was no more than five miles per hour when she made contact with Williams’s automobile. Reed further stated that she had no knowledge that her impact -with Williams had caused an impact between Williams’s and Mrs. Walker’s automobiles. It was undisputed that there was no visual physical damage to the automobiles of Mrs. Walker and Reed. However, there was testimony that there was a small piece of material on Williams’s automobile that had been twisted. Additionally, Mr. Walker testified that one of the doors on her automobile stuck as a result of the July 15, 1994 accident. There was *379 also testimony that could lead a juror to question the medical testimony presented by the Walkers.
¶ 18. Reed raised a matter for factual inquiry regarding the conclusions of Dr. Harris Williams’s, the doctor who performed the surgeries for Mrs. Walker’s TMJ, belief that the TMJ was caused by the July 15, 1994 accident. Reed revealed that Dr. Williams may have arrived at this opinion without receiving complete information. It appears that Mrs. Walker had not told Dr. Williams about the first automobile accident which occurred on June 2, 1994. It was also disclosed that Dr. O’ Sullivan, another treating physician of Mrs. Walker, had examined Mrs. Walker after her first accident but prior to the second accident, and he noted that Mrs. Walker suffered from temporal headaches and had clicking in her jaw which are possible symptoms of TMJ. Mrs. Walker disputed this testimony and said that Dr. O’ Sullivan had never informed her of the clicking. Additionally, while Mrs. Walker implied that the second surgery for her TMJ was necessary to remove scar tissue caused by the first accident, there was testimony presented that asserted that the second surgery was necessary because Mrs. Walker clinched her teeth. There was also testimony regarding Mrs. Walker’s psychological treatment by Dr. Lev-itch.
¶ 19. Mrs. Walker said that due to the TMJ, her physical activities had been restricted and because of this she suffered from depression. As a result, Mrs. Walker was seeking compensation for her mental anguish and her visits with her psychiatrist, Dr. Levitch. Counsel for Reed presented a question for the jury’s determination regarding whether the second accident was the source of Mrs. Walker’s depression and the need for subsequent psychiatric treatment when he revealed the contents of a prior deposition taken of Mrs. Walker. During the trial, it was disclosed by Mrs. Walker that in her deposition she had testified that Dr. Levitch had given the opinion that her emotional problems had been caused by the first accident. Mrs. Walker testified that even without the TMJ, her physical activities had been restricted due to the physical injuries she received in the first accident which occurred on June 2, 1994 and this had caused depression. Additionally, Mrs. Walker admitted that even if she did not suffer from TMJ she still doubted that she would be working. While the aforementioned facts do not address every area of dispute among the parties, they do show that the jury verdict was not against the overwhelming weight of the evidence.
¶20. In the case at bar, the jury ultimately decided not to award damages to either Mrs. Walker or her husband. Since there were facts that were in dispute the jury is the proper forum to allow for the resolution of the issues of liability and damages. There is ample evidence to support their verdict. Therefore, we rule that the trial judge did not abuse his discretion when he denied the Walkers’s motion for a new trial and affirm the decision of the trial court.
III. WHETHER THE GRANTING OF JURY INSTRUCTION D-3 WAS IN ERROR.
¶ 21. The Walkers assert that it was error to have submitted jury instruction D-3 to the jury because it mislead and confused the jury. Jury instruction D-3 reads as follows:
If you find from a preponderance of the evidence in this case that:
1. Susan S. Reed, the defendant, was negligent, and
2. Tracy Williams, the driver of the vehicle in front of Susan S. Reed and behind Victoria Walker, was negligent, and
3. the negligence of both Susan Reed and Tracy Williams were proximate contributing causes of the accident in this case, and
4. that Victoria Walker, plaintiff, sustained injuries and damages caused by *380 the combined negligence of Susan Reed and Tracy Williams, then you will, in arriving at your verdict, first determine that sum of money which will fairly and adequately compensate Victoria Walker for her injuries and damages, and then reduce this sum in proportion to the causal negligence of Tracy Williams, using the following method:
1. determine the proportion that Tracy Williams’ negligence bears to the negligence as a whole, as a part or percentage of 100% (100% = total causal negligence of both actors in case);
2. multiply the sum or money you determined as plaintiffs damages by the percentage figure representing the proportion of Tracy Williams’ negligence;
8. subtract the result of your multiplication from the sum you first determined to be Victoria Walker’s damages;
4. return a verdict for that amount for Victoria Walker, plaintiff.
¶ 22. Reed argues that jury instruction D-3 was proper because it merely asked the jury to consider Tracy Williams’s negligence, if any, in their calculation of damages. When this Court reviews jury instructions we review them as a whole instead of individually. Pickering v. Industria Masina I Traktora, 740 So.2d 836, 847-48 (Miss.1999). If the instructions as a whole sufficiently and properly instruct the jury on the issues, a particular jury instruction given to the jury will not be reversible error. Id. at 848. This Court determines that when the jury instructions are read as a whole, instruction D-3 is proper. This Court affirms the trial judge’s granting of instruction D-3.
¶ 23. THE JUDGMENT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., NOT PARTICIPATING.