BARNES, J.,
Dissenting:
¶ 28. In order to survive summary judgment, “[t]he non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.” Luvene v. Waldrup, 903 So.2d 745, 748(¶ 10) (Miss.2005) (quoting Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1213-14 (Miss.1996)). In a negligence action, the plaintiff generally has the burden of proof on the issue of causation, and must “introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.” Herrington v. Leaf River Forest Prods., Inc., 733 So.2d 774, 777(¶ 10) (Miss.1999). After studying the record, and analyzing the evidence in the light most favorable to Jamison, I find no such evidence and, therefore, dissent.
¶ 29. On November 5, 2005, between approximately 5:10 p.m. and 5:25 p.m., Ja-mison, Barnes, and Rev. Tommy Temple were involved in a motor vehicle accident on Highway 388 in Noxubee County, Mississippi. Jamison, who works on a nearby farm, was driving his employer’s tractor in an eastward direction. Barnes, who was also driving in an eastward direction, claimed he was abiding by all of the rules of the road, including having his lights on, *248 when he came upon Jamison’s tractor without notice. The tractor’s lights were not on. It did, however, have a large reflective triangle on the back. Barnes attempted to take evasive action to prevent hitting the tractor by braking and swerving to the left, but he was unsuccessful. Barnes hit the tractor from the rear. Rev. Temple was driving his pickup truck in a westerly direction, pulling a bass boat. After Barnes collided with Jamison, Barnes’s vehicle entered Rev. Temple’s lane and struck his bass boat. In his affidavit, Rev. Temple stated it was “definitely dark enough” that vehicle lights were needed. According to the United States Naval Observatory Astronomical data, sunset in Noxubee County for November 5, 2005, began at 4:59 p.m.[4]
¶ 30. The evidence is thus uncontradict-ed that Barnes hit the back of Jamison’s unlit, slow-moving tractor. The three witnesses to the accident, Jamison, Barnes, and Rev. Temple, attribute no fault to Barnes. In his deposition, Jamison himself admitted that Barnes was not speeding or driving erratically. Furthermore, Jamison admits that it was dark enough that if the tractor’s headlights had been working, he would have had them on.
Q. Tell me exactly how much light you say there was at that time of day on November the 5th.
A. Closest I can ... say, it got — had to be about forty-five minutes.
Q. Well, would you say it was dusk dark?
A. Well, no, sir. It wasn’t dusk dark, but it was pretty close to dusk dark.
Q. Other vehicles on the highway had their lights on. Is that right?
A. Yes, sir.
Q. You would have had your lights on, but they didn’t work?
A. Yes, sir. Well, if I ... had had some, I could have ... had them on, but they didn’t work, like you say. Q. If they had been working, would you have probably had your lights on?
A. Yes, sir.
Q. Why would you have had your lights on if they’d been working?
A. Well, ... you watch for the next person coming and meeting you, and you let them know that you got your lights on-some behind you, some in front of you.
Q. Okay. Do you think it was dark enough or sunset enough or dusk enough that you needed your lights ... if they had been operating?
A. Yes, sir.
Q. But you ... couldn’t turn them on because they ... didn’t work?
A. Yes, sir.
Q. But do you think that ... you needed them on since it was close enough to dusk, if they had been operating?
A. Uh — yes. If I’d had them, I could have ... had them on.
Q. And ... would you have had them on?
A. Yes, sir.
Jamison also noted Barnes’s headlights were on. In Barnes’s affidavit, he recounts the accident as follows:
My headlights were on as it was almost dark. .Suddenly, I saw a slow moving tractor in my lane traveling in the same direction. There were no lights on the tractor and I was almost upon it before I *249 noticed the tractor.... I was obeying all rules of the road, was not speeding, and was attentive to the road in front of me.
Rev. Temple, whose vehicle was pulling a bass boat which Barnes struck trying to evade Jamison’s tractor, stated in his affidavit that:
I was not able to estimate the speed for ... [Barnes’s] vehicle but I have no reason to believe the vehicle approaching behind the tractor was speeding.... I did not observe any improper driving on the vehicle approaching behind the tractor.... In my opinion it was too dark for the tractor to be on the highway without lights operating.
Moreover, the official accident report states there was no apparent improper driving by Barnes. In the absence of any proof of negligence on Barnes’s part, there is no factual dispute that needs to be presented to a jury.
¶ 31. The majority notes that Barnes did have certain duties specific to rear-end collisions as articulated in White v. Miller, 513 So.2d 600, 601 (Miss.1987). The defendant has a duty to (1) keep his vehicle under proper control, (2) keep a proper look-out ahead, and (3) drive at a speed with sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle.[5] The Mississippi Supreme Court noted in White that it had “never adopted a per se rule that the driver of [a] following car is negligent if he collides with the rear of a preceding vehicle.... ” Id. The White court cited Miller v. Cody, 41 Wash.2d 775, 252 P.2d 303 (1953) for the rule that “[w]here two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver and in the absence of an emergency or unusual conditions” he is negligent as a matter of law if he runs into the car ahead. The White court referred to this proposition as a “non-rule” that allows for case-by-case decisions. Id. at 602 n. 3. An emergency situation . expressly recognized in White, and similar to the instant facts, is where the defendant unexpectedly encounters a slow-moving vehicle traveling without lights at night. Id. (citing Szarapski v. Joaquin, 139 Cal.App.2d 27, 292 P.2d 959, 962 (1956)).[6]
¶ 32. I find no evidence of negligence on the part of Barnes; his uncontradicted affidavit reflects that he maintained his duty of care pursuant to the factors outlined in White. The record indicates Barnes was abiding by the rules of the road, keeping his vehicle in control, maintaining a proper lookout, not speeding, and *250 not following the tractor in close proximity, when he suddenly came upon it. Also, the fact that the tractor did not have its lights on could present an abnormal or emergency condition, as articulated in White, which further precludes Barnes’s fault. In White, the Mississippi Supreme Court stated that “the jury can decide whether or not the circumstances rise to the level of emergency or abnormal condition.” Id. at 602 n. 3. However, in this case, where the only evidence of negligence is on the part of Jamison, I am unable to find that a jury issue has been created.
¶ 38. The majority states that “Jamison offered his testimony and that of one other witness asserting that there was still sufficient daylight left at the time of the accident for Barnes to have seen the tractor in time to avoid colliding with it.” To the contrary, Jamison admitted that it was dark enough to have needed lights; his lights were just inoperable. The only proof Jamison offered in support of this contention that there was sufficient daylight for Barnes to have avoided hitting him is the affidavit of Pearlie Mae Owens, who claimed that she came upon the scene of the accident less than five minutes after it took place. Owens stated, “you could still see where you were going without the need for headlights. We were able to see the accident scene well before we got there.” Owens’s affidavit, however, conflicts with all of the other evidence about the necessity for vehicular lights at the time of the accident. Jamison admits in his own deposition that it was dark enough to have had the tractor’s lights on if they had been working. Moreover, when there is a discrepancy between the facts of an affidavit and a previous deposition of the same witness, “the affidavit must explain such discrepancy.” Foldes v. Hancock Bank, 554 So.2d 319, 321 (Miss.1989) (citing Miller v. A.H. Robins, Inc., 766 F.2d 1102, 1104 (7th Cir.1985)). I find this rule analogous to the situation at bar, even though this case deals with two different people. In the instant case, Jamison would be precluded from presenting his own affidavit contradicting his admission that it was dark enough for his tractor’s lights to have been on. He attempts to create a genuine issue of material fact, contradicting his own testimony, by presenting the affidavit of a person who was not present at the time the accident occurred. I find that Owen’s affidavit is insufficient to overcome Jamison’s admission. Her affidavit, which fails to identify any negligence on the part of Barnes, is insufficient to create a genuine issue of material fact that he was responsible for the accident.
¶ 34. Therefore, I must dissent, as I find that Jamison has not met his burden of proof to establish the existence of a genuine issue of material fact that more likely than not the conduct of Barnes was the cause of the accident; thus, I would affirm the circuit court’s grant of summary judgment in favor of Barnes.
CARLTON, J, JOINS THIS SEPARATE OPINION.

. The U.S. Naval Observatory conventionally defines "sunset” as the time when the upper edge of the Sun's disk is on the horizon. United States Naval Observatory, http://aa. usno.navy.mil/faq/docs/RST_defs.php# top (last visited October 9, 2008).

. I note that White is factually dissimilar from the case at bar in that White deals with the driver of a vehicle following behind another when the vehicle in front suddenly stopped. Here, the evidence shows Barnes was not necessarily "following” Jamison's tractor, but suddenly came upon it. Nor did the tractor suddenly stop.

. I find the issue of whether Jamison was "negligent per se” to be a “red herring”; whether or not Jamison’s conduct violated motor vehicle statutes creates no genuine issue of material fact as to whether Barnes was negligent. The majority claims the trial court based its grant of summary judgment on Ja-mison’s operation of a tractor on the highway during the prohibited hours of use; however, we find no such specification in the order; it merely stated there were no genuine issues of material fact present. While the Mississippi Legislature has not seen fit to make it a statutory violation for a slow-moving tractor to travel on Mississippi roadways after sunset without headlights or taillights functioning, as it has with the majority of vehicles, that does not mean that the conduct was not negligent. See Miss.Code Ann. § 63-7-99 (Rev.2004) (compliance with slow-moving vehicle emblem does not create prima facie case or presumption of "reasonable and ordinary care”).