## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CA-01050-COA

**COURTNEY NEVELS**                                                                    **APPELLANT**

**v.**

**WALMART TRANSPORTATION, LLC AND**                              **APPELLEES**
**CLAUDE R. SMITH**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. SESSUMS |
| ATTORNEYS FOR APPELLEES: | DAVID C. DUNBAR |
| | BENNY MCCALIP "MAC" MAY |
| | MORTON WARD SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | MOTION FOR SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS, MAXWELL AND FAIR, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     This appeal stems from the Warren County Circuit Court's grant of summary judgment in favor of Walmart Transportation LLC (Walmart) and Claude R. Smith after finding that Courtney Nevels failed to present any genuine issues of material fact. Nevels appeals and asks this Court to determine whether, based on the facts presented, summary judgment was appropriate. We hold that summary judgment was appropriate; therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    On May 8, 2012, Smith was driving on Interstate 20 West through Vicksburg, Mississippi, in a tractor-trailer owned by Walmart. He was within the scope and course of his employment. At the same time, Nevels was a guest passenger in a Nissan Altima driven by her friend, Chancie Connerly, on Interstate 20 West, in the same lane but at some distance behind Smith. Due to the rainy weather and wet road conditions, multiple wrecks had just occurred ahead of them on the interstate causing severe traffic delays. Over the hill, traffic in both lanes had come to a complete stop. Smith crested the hill and had to immediately apply his brakes due to the standstill traffic ahead of him caused by several other wrecks. Connerly, following behind Smith, crested the hill shortly thereafter, but she was unable to stop in time before she rear-ended Smith. As a result of the impact, Nevels suffered injuries to her legs.

¶3.    Nevels filed her complaint on June 20, 2012, against Walmart, Smith, and Connerly, alleging that Connerly and Smith both were negligent in the operation of their respective vehicles, and their negligence combined to cause her injuries. Nevels settled with her driver, Connerly, and Connerly was dismissed from the action.

¶4.    Walmart and Smith filed a motion for summary judgment on December 19, 2012, asserting that there were no genuine issues of material fact from which a jury could conclude that Walmart and Smith's negligence caused or contributed to the accident. The circuit court held a hearing on the motion on May 30, 2013, and it granted the motion for summary judgment in favor of Walmart and Smith.

¶5.    Nevels appeals and raises ten issues for review:

I.	The [circuit] court erred about the testimony of . . . Connerly regarding Smith's negligence as this was for the trier of fact.

II.	The [circuit] court erred regarding the weight, if any, to be given testimony regarding Smith listening to his CB radio as this was for the trier of fact.

III.	The [circuit] court erred by ignoring testimony that Smith did not have his vehicle under control, thereby taking said issue from the jury.

IV.	The [circuit] court erred in finding that Smith had no duty to reduce his speed as said issue was contested under the facts and law and for the resolution of the jury.

V.	The [circuit] court erred in not finding [Walmart and Smith] guilty of negligence, per se.

VI.	The [circuit] court erred in finding that there was no claim the [Walmart] trailer lights were not working and that there was no claim of equipment failure.

VII.	The [circuit] court erred in finding that expert witness Tim Corbitt "failed to connect the dots."

VIII.	The [circuit] court erred in finding *White v. Miller*, 513 So. 2d 600 (Miss. 1987) dispositive of the issue in this matter as *White* . . . , unlike the present matter, did not involve the issue of comparative negligence.

XI.	The [circuit] court erred in equating and finding that because Smith's tractor-trailer did not impact any vehicles ahead of him that this conclusively establish Smith was [not] guilty of . . . negligence, as this was a[n] issue for the jury.

X.	The [circuit] court erred in granting summary judgment to [Walmart and Smith].

## STANDARD OF REVIEW

¶6.	"We apply a de novo standard of review to the trial court's ruling on summary judgment." *Anderson v. LaVere*, 136 So. 3d 404, 409 (¶24) (Miss. 2014) (internal citations

3

omitted). Mississippi Rule of Civil Procedure 56(c) provides that "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," then summary judgment is appropriate. In considering a motion for summary judgment, evidence is viewed in the light most favorable to the nonmovant. *Anderson*, 136 So. 3d at 409 (¶24).

### ANALYSIS

¶7. As outlined above, Nevels raises numerous issues specifically pertaining to the circuit court's review and analysis of the evidence when it granted summary judgment in favor of Walmart and Smith. Pursuant to our standard of review, also outlined above, we review the evidence presented to the circuit court under a de novo standard. As such, we will be addressing her issues through our own analysis of the evidence.

¶8. In a negligence action, "the plaintiff bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury." *Palmer v. Biloxi Reg'l Med. Ctr.*, 564 So. 2d 1346, 1355 (Miss. 1990). Generally, one is under a duty to act "as a reasonable and prudent person would have acted under the same or similar circumstances." *Knapp v. Stanford*, 392 So. 2d 196, 199 (Miss. 1980). More specifically, an automobile driver has a duty "to keep a reasonable lookout" and "take reasonably proper steps to avoid an accident or injury to persons and property after having knowledge of [a] danger." *Shideler v. Taylor*, 292 So. 2d 155, 156-57 (Miss. 1974).

4

¶9.　According to Smith's deposition, he was driving approximately forty-five miles per hour in Vicksburg when he crested a hill and saw that the traffic ahead of him was at a standstill. Smith braked hard and was able to bring his truck to a complete stop two to three car lengths behind the car in front of him. He testified that he did not lose control of his truck and did not slide. Smith testified that he had been listening to his CB radio, but he had heard no discussion about the traffic ahead of him. There was no legitimate dispute that his brake lights and running lights were on and functional at the time of the accident.[1] And Smith's testimony as to his speed was corroborated by the information retrieved from his truck's black box. The posted speed limit was sixty miles per hour.

¶10.　Connerly was also deposed. She testified that a driver coming over the hill cannot see what is on the other side of the hill until reaching to top of the hill. She testified that she was going approximately sixty miles per hour in the rain and that "by the time I could see down the hill, I just remember seeing brake lights. . . . I tried to slam on my brakes, and that [is] all I can remember." When asked if Smith did anything to cause the accident, Connerly responded: "No. He had to stop. There was a wreck in front of him." Nevels's own deposition acknowledged that "when you top [the hill] . . . , unless you are completely over it, you cannot see down it[,]" and Smith went completely out of sight as he topped the hill.

¶11.　In the present case, Nevels offers only conclusory allegations unsupported by the

---

[1] Nevels testified at her deposition that she did not see brake lights immediately after cresting the hill; however, there was no other dispute that the lights were functioning properly.

5

evidence to infer that Smith was negligent. We find the evidence insufficient, as "[t]he non-moving party's claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict." *Luvene v. Waldrup,* 903 So. 2d 745, 748 (¶10) (Miss. 2005) (quoting *Wilbourn v. Stennett, Wilkinson, & Ward*, 687 So. 2d 1205, 1213-14 (Miss. 1996)).

¶12. In support of her argument that there were genuine issues of material fact, Nevels submits the affidavit of Vicksburg Police Department Traffic Investigator Leonce Young to show that if Smith was listening to the CB radio as he testified he was doing at the time, Smith certainly would have had advance warning of the traffic situation. However, his statement is highly speculative, as he did not testify that he had personal knowledge that there were warnings on the CB radio on that particular day. His affidavit does not create a genuine issue of material fact to dispute Smith's testimony that he did not hear any traffic warnings on the CB radio. More importantly, Nevels fails to show through Investigator Young's affidavit how Smith could have avoided the accident even if he had the advance warning via the CB radio. Nevels also submits the affidavit of Tim Corbitt, an accident reconstructionist, who stated that "Smith's sudden application of brakes and loss of control of his vehicle caused Connerly to slam on her brakes leaving her insufficient time to bring her vehicle to a halt[,] . . . and these actions on the part of Smith . . . constituted negligence." Again, this statement is speculative and conclusory, as it fails to take into consideration that regardless of when Smith applied his brakes, Connerly could not have seen Smith apply his brakes until she crested the hill to see the other side. Thus, she would not have had any

6

opportunity to apply her brakes any sooner than she did and possibly avoid the accident.

¶13.    Ultimately, we find that Nevels fails to present evidence sufficient to establish a genuine issue of material fact as to Smith's negligence.  She fails to show how Smith breached his duty to act with reasonable care.  Accordingly, we find that the circuit court did not err in granting summary judgment in favor of Walmart and Smith.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED.    ALL  COSTS  OF  THIS  APPEAL  ARE  ASSESSED  TO  THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  JAMES, J., NOT PARTICIPATING.**