CARLTON, J., FOR THE COURT:
 

 ¶ 1. On May 4, 2016, the Carroll County Circuit Court granted Charles McCorkle's motion for summary judgment on Ned and Edna Clark's (the Clarks) complaint for damages resulting from a highway accident.
 

 In response to the grant of summary judgment, the Clarks filed a motion for rehearing on the matter, which the trial court denied. The Clarks now appeal.
 

 ¶ 2. Upon review of the record and applicable law, we find that questions of material fact exist, thus precluding the grant of summary judgment. As a result, we reverse and remand the trial court's grant of summary judgment.
 

 FACTS
 

 ¶ 3. On the morning of Tuesday, October 16, 2012, at approximately 7:24 a.m., Ned was driving his 1991 Ford Ranger southbound on Mississippi Highway 35 in Carroll County, Mississippi, when he rear-ended McCorkle, who was driving a 1985 John Deere farm tractor that was pulling a flatbed "cotton" trailer.
 
 [1]
 
 As a result of the accident, Ned suffered five broken ribs, a punctured lung, and his left arm was amputated.
 

 ¶ 4. On November 21, 2014, the Clarks filed a complaint against McCorkle asserting three causes of action: that McCorkle was (1) negligent, (2) grossly negligent, and (3) negligent per se because he was operating a tractor and trailer with inadequate lighting in a low-visibility area.
 

 ¶ 5. After conducting discovery, McCorkle moved for summary judgment. The trial court granted summary judgment after finding that no genuine issues of material fact existed concerning McCorkle's negligence. The trial court held that "absent an emergency or unusual condition, it was [Ned] who had the primary duty to avoid hitting McCorkle's trailer." In addition, the trial court concluded that the Clarks' expert witness's opinion was "not based on sufficient evidence, and [could not] establish a genuine issue of material fact."
 

 ¶ 6. On May 15, 2016, the Clarks moved for rehearing. The trial court denied the motion for rehearing.
 

 ¶ 7. The Clarks now appeal, asserting the following assignments of error: (1) the trial court erred in granting summary judgment, (2) the trial court abused its discretion in dismissing the opinion and testimony of Jason Walton, the Clarks' expert witness, and (3) the trial court erred in failing to grant the Clarks their constitutional right to a trial by jury.
 

 STANDARD OF REVIEW
 

 ¶ 8. We review a trial court's grant of summary judgment de novo, with the evidence viewed in the light most favorable to the nonmoving party.
 
 Karpinsky v. Am. Nat'l Ins.
 
 ,
 
 109 So.3d 84
 
 , 88 (¶ 9) (Miss. 2013). Upon review, this Court examines "all the evidentiary matters before [it], including admissions in pleadings, answers to interrogatories, depositions, and affidavits."
 
 Albert v. Scott's Truck Plaza Inc.
 
 ,
 
 978 So.2d 1264
 
 ,1266 (¶ 5) (Miss. 2008) (citations omitted). "If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor."
 
 Stringer v. Trapp
 
 ,
 
 30 So.3d 339
 
 , 341 (¶ 9) (Miss. 2010).
 

 DISCUSSION
 

 ¶ 9. The Clarks argue that the trial court erred in granting summary judgment in favor of McCorkle. The Clarks assert that they presented sufficient evidence to prove McCorkle's negligence and defeat summary judgment, including: (1) Ned's sworn affidavit filed with his complaint,
 (2) Ned's deposition, (3) McCorkle's deposition, and (4) the deposition and report of expert witness Walton, an accident-reconstruction specialist. The Clarks maintain that the evidence submitted shows that McCorkle breached his duty of care by negligently operating an oversized slow-moving vehicle during foggy and low-light conditions without making the flatbed trailer connected to his tractor properly visible to other drivers on the highway. The Clarks also claim that the trial court failed to provide them with an opportunity for surrebuttal to refute McCorkle's mischaracterization of their pleadings, specifically regarding whether a dispute of a material fact existed on the issue of poor visibility resulting from fog.
 

 ¶ 10. As stated, on appeal, we apply a de novo standard to our review of a trial court's grant of summary judgment.
 
 See
 

 Spann v. Shuqualak Lumber Co.
 
 ,
 
 990 So.2d 186
 
 , 189-90 (¶¶ 6, 11-13) (Miss. 2008) (holding that whether fog emitted from the lumber-drying plant was actually present at the time of the collision and, if so, whether the fog constituted an unreasonably dangerous condition or cause-in-fact of the collision, constituted a question of fact for the jury, thus precluding summary judgment).
 

 ¶ 11. In its order granting summary judgment in favor of McCorkle, the trial court quoted
 
 White v. Miller
 
 ,
 
 513 So.2d 600
 
 , 602 n.3 (Miss. 1987), and recognized that "where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver and[,] in the absence of an emergency or unusual condition[,] he is negligent as a matter of law if he runs into the car ahead." The trial court ruled that "absent an emergency or unusual condition, it was [Ned] who had the primary duty to avoid hitting McCorkle's trailer." The trial court found that "no evidence establishes the stretch of roadway was foggy at the time. ... The only claim that the area in question was under fog is from the complaint" filed by the Clarks.
 

 ¶ 12. Regarding the deposition and evidence provided by Walton, the Clarks' expert witness, the trial court found that Walton admitted that in preparing his accident-reconstruction report, "[Walton] did not review any deposition transcripts, written discovery, or interview [Ned], and [he] only visited the accident scene years after the accident took place. ... Walton's sole basis for determining that foggy conditions existed was the complaint itself." The trial court thus held that Walton's testimony "is not based on sufficient evidence, and cannot establish a genuine issue of material fact."
 

 ¶13. After reviewing the evidence submitted, the trial court also opined that McCorkle did not commit negligence per se in regard to the illumination of his tractor with reflective gear or lights, explaining:
 

 [N]o statute requires [McCorkle] to display an emblem or tape, or have lights on his tractor. However, he still has a general duty to act as a reasonable person would. [Ned] alleges that McCorkle breached this duty by using a reflective triangle that was worn and had lost its reflectiveness. The only evidence to support this is Walton's expert testimony. But Walton never observed the triangle at the time of the accident. Instead, the first Walton had seen of the triangle was in 2015, after the triangle had been moved to [the] gate and sat in sunlight for two years.
 
 [2]
 

 ¶ 14. Regarding the Clarks' claim of gross negligence, the trial court held: "Because this [c]ourt finds there to be no evidence of negligence on the part of [McCorkle], his actions cannot rise to the higher level of gross negligence. Even were there evidence of negligence, the [c]ourt finds [that the Clarks have] presented no evidence that McCorkle's conduct evinced a reckless indifference to any consequences of driving his trailer."
 

 ¶ 15. However, the Clarks submit that they provided sufficient evidence to prove genuine issues of material facts existed in order to defeat summary judgment. Contrary to the trial court's determination, the Clarks assert that Ned's deposition testimony reflects that an obstruction affected his vision at the time of the accident:
 

 Q: Now I notice, I remember you said a while ago you said that there was this little-approximately how high off the-off the regular road surface was this knoll?
 

 A: Just a little incline, just a little incline. I don't know what-what else to say. It was a small hill.
 

 Q: So just a very slight incline?
 

 A: Small, small hill.
 

 Q:
 
 Okay, other than that, were there any other obstructions to your vision?
 

 A: No, sir.
 

 (Emphasis added). Ned explained through his deposition testimony that he did not see McCorkle's tractor and trailer until he came over the hill. Ned also provided deposition testimony that on the morning of the accident, patches of fog appeared in low-lying areas.
 
 [3]
 
 The Clarks' complaint further alleged that "[a]t the time of the collision visibility in the area was very poor due to low-light conditions at the dawn of day and heavy fog in the area."
 

 ¶ 16. The Clarks also alleged in their complaint that McCorkle was negligent for failing to properly illuminate the tractor and trailer. The record reflects that the Clarks retained Walton, an accident-reconstruction specialist, to prepare an expert report on behalf of the Clarks. In preparing his report, the record reflects that Walton reviewed the following: the Mississippi uniform crash report; a personal site inspection of the scene; photographs taken of the scene by Walton; measurements taken by Walton utilizing forensic mapping techniques; a crash-reconstruction report offered by Brett Alexander; historical sunrise data for the date of the collision; Walton's interview with McCorkle; and commonly accepted methodology in the field of accident reconstruction.
 

 ¶ 17. In his report, Walton opined that with "low visibility and fog present," Ned "did not possess the time, nor distance needed to perceive and react to the hazard
 of the tractor." Walton also provided the following in his report:
 

 It is also my opinion that [McCorkle] was the sole proximate cause of this collision by operating an oversized tractor on the state highway in poor lighting conditions without adequate warning to oncoming drivers. [McCorkle] was completely aware that this vehicle caused dangerous conditions when operated on this highway due to its size and continued to operate this vehicle in the early morning hours with poor lighting conditions.
 

 ¶ 18. In his reply in support of his motion for summary judgment, McCorkle alleged that the Clarks failed to disclose that Walton's findings of wear and reduced reflective capabilities were made over two and a half years after the accident in question. McCorkle asserted that Walton acknowledged in his deposition testimony that he had no way of knowing the reflective qualities of the triangle placard on the day of the accident. The record reflects, however, that Walton spoke directly to McCorkle about the accident. McCorkle informed Walton that "right after the accident had occurred," he took the reflective triangle off of the tractor and put it on the gate "because it was so old."
 

 ¶ 19. The Mississippi Supreme Court has provided that the test applicable in determining the liability of a defendant in an automobile-collision case is "whether the negligence prior to or at the time of the collision was a proximate or contributing cause of the accident."
 
 Elsworth v. Glindmeyer
 
 ,
 
 234 So.2d 312
 
 , 320 (Miss. 1970).
 
 See and compare
 

 Jamison v. Barnes
 
 ,
 
 8 So.3d 238
 
 , 246-47 (¶¶ 21, 26) (Miss. Ct. App. 2008). In
 
 Jamison
 
 ,
 
 8 So.3d at 246-47
 
 (¶¶ 21, 26), this Court addressed whether an unusual or emergency condition existed at the time of a collision between an automobile and a tractor, thereby proximately causing the collision. In that case, the trial court granted Barnes's (the motorist) motion for summary judgment and denied Jamison's (the tractor driver) motion for summary judgment.
 

 Id.
 

 at 242
 
 (¶ 6). On appeal, this Court reversed the trial court, finding that "even if Jamison were negligent per se [for violating provisions of the Uniform Highway Traffic Regulation Law], it would not bar his recovery if he could show that Barnes was also negligent, under the familiar doctrine of comparative negligence."
 

 Id.
 

 at 246
 
 (¶ 21). The
 
 Jamison
 
 Court explained that "[e]ven if comparative negligence were taken off the table, Mississippi Code Annotated section 63-7-81 [ (Rev. 2013) ] ... further provides that, 'Nothing in this chapter shall be so construed as to curtail or abridge the right of any person to prosecute a civil suit for damages by reason of injuries to person or property resulting from the negligent use of the highways by any motor vehicle, or its owner[.]' "
 

 Id.
 

 ¶ 20. The
 
 Jamison
 
 Court also recognized that "Mississippi has never adopted a per se rule that the driver of the following car is negligent if he collides with the rear of a preceding vehicle."
 

 Id.
 

 at 242
 
 (¶ 10). The
 
 Jamison
 
 Court quoted the supreme court's decision in
 
 White
 
 ,
 
 513 So.2d at 601
 
 , which provided the following guidance:
 

 The driver of a vehicle following along behind another, and not attempting to pass, has a duty encompassing four interrelated functions: he must have his vehicle under proper control, keep a proper look-out ahead, and commensurate therewith drive at a speed and sufficient distance behind the preceding vehicle so that should the preceding vehicle stop suddenly, he can nevertheless stop his vehicle without colliding with the forward vehicle.
 

 Jamison
 
 ,
 
 8 So.3d at 242-43
 
 (¶ 10) (quoting
 
 White
 
 ,
 
 513 So.2d at
 
 601 ). The
 
 Jamison
 
 Court cautioned that "where there is evidence of an emergency or unusual condition, this operates as a 'non-rule' that presents a jury question as to whether the circumstances rise to the level of emergency or abnormal condition."
 
 Id.
 
 at 243 (¶ 10).
 
 [4]
 

 ¶ 21. Additionally, the supreme court in
 
 White
 
 ,
 
 513 So.2d at 601
 
 , cited several cases where a factual question existed as to the presence of an emergency or unusual condition.
 

 Id.
 

 One of those cases was
 
 Szarapski v. Joaquin
 
 ,
 
 139 Cal.App.2d 27
 
 ,
 
 292 P.2d 959
 
 (Cal. Dist. Ct. App. 1956). In
 
 Szarapski
 
 , the defendant unexpectedly encountered the plaintiff's vehicle, which was "moving slowly or stopped, and perhaps unlighted" at 1:00 a.m.
 

 Id.
 

 at 962
 
 . The appellate court found that whether the defendant failed to keep a proper lookout or was following the plaintiff's vehicle too closely were questions of fact for the jury.
 

 Id.
 

 Importantly, the appellate court further found that whether the plaintiff's vehicle was moving too slowly without adequate warning was also a question of fact for the jury.
 

 Id.
 

 Therefore the jury, not this Court, must decide whether or not the circumstances rise to a level of emergency or abnormal conditions.
 
 See
 

 White
 
 ,
 
 513 So.2d at
 
 603 n.3.
 

 ¶ 22. We recognize that "[t]he moving party has the burden of demonstrating that no genuine issue of material facts exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact."
 
 Jamison
 
 ,
 
 8 So.3d at 242
 
 (¶ 7) (citing
 
 City of Jackson v. Sutton
 
 ,
 
 797 So.2d 977
 
 , 979 (¶ 7) (Miss. 2001) ). Upon review, we find that the Clarks presented sufficient evidence showing that genuine issues of material fact precluding summary judgment exist as to the following: (1) whether the fog constituted an unusually dangerous condition; and (2) whether McCorkle was negligent in the illumination of his trailer in said fog at the time of the collision. Based upon the foregoing and in applying the law to this case, we therefore reverse the trial court's grant of summary judgment and remand this case for trial.
 

 ¶ 23. Since we reverse the trial court's grant of summary judgment and remand this case for trial, the Clarks' two remaining claims-that the trial court abused its discretion in dismissing the opinion and testimony of Walton and erred in failing to grant the Clarks their constitutional right to a trial by jury-are rendered moot, and we will not address them.
 

 ¶ 24.
 
 REVERSED AND REMANDED.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., FAIR, WESTBROOKS AND TINDELL, JJ., CONCUR. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND WILSON, JJ.
 

 Both the farm tractor and cotton trailer were equipped with a reflector triangle placard.
 

 In its order granting summary judgment, the trial court cited Mississippi Code Annotated section 63-7-91 (Rev. 2013) and stated that "Mississippi statutory law generally exempts farm related vehicles from equipment and identification requirements," but recognized that "[n]o state appellate court in Mississippi has stated whether the provisions of [section] 63-7-91 are required for farm tractors." In its order denying the Clarks' motion for reconsideration, the trial court further stated "no state law imposed a duty on McCorkle to display the placard at all."
 

 The record reflects that Ned provided the following testimony in his deposition:
 

 Q: Now, around what time did the accident take place?
 

 A: Seven o'clock.
 

 Q: What was the weather like that day?
 

 A: It was cool. A little bit cool and a little foggy early that morning.
 

 Q: Was it foggy in patches or foggy-
 

 A: Just in patches. At ... low-lying areas. Like I said, it was cool, had my window up.
 

 ....
 

 Q: Okay. Was there fog on the knoll?
 

 A: Not on the knoll. In the low-lying area.
 

 Compare
 

 Brown-Miller Co. v. Howell
 
 ,
 
 224 Miss. 136
 
 , 147,
 
 79 So.2d 818
 
 , 821 (1955) (supreme court found that evidence raised a question of fact for the jury as to whether the position of a truck on the shoulder of the road in dense fog was negligence that "proximately caused or contributed to the injury and death of the decedent" who hit the truck on the shoulder of the road).